1   DONNA M. MELBY (SB# 86417)
    donnamelby@paulhastings.com
2   JENNIFER S. BALDOCCHI (SB# 168945)
    jenniferbaldocchi@paulhastings.com
3   MELINDA A. GORDON (SB# 254203)
    melindagordon@paulhastings.com
4   PAUL HASTINGS LLP
    515 South Flower Street
5   Twenty-Fifth Floor
    Los Angeles, CA  90071-2228
6   Telephone:  1(213) 683-6000
    Facsimile:  1(213) 627-0705
7
    GARY T. LAFAYETTE (SB# 088666)
8   glafayette@lkclaw.com
    LAFAYETTE & KUMAGAI LLP
9   100 Spear Street, Suite 600
    San Francisco, CA 94105
10  Telephone:  1(415) 357-4600
    Facsimile:  1(415) 357-4605
11
    Attorneys for Defendants
12  UNITED AIRLINES, INC.; UNITED
    CONTINENTAL HOLDINGS, INC.; AND
13  CONTINENTAL AIRLINES, INC.

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16  ELDRIDGE JOHNSON, MARIO ECUNG,     | CASE NO. 3:12-CV-02730-MMC
    LEON MILLER, XAVIER PALMER,        |
17  KENNETH MONTGOMERY, ANNETTE        | **DEFENDANTS' NOTICE OF MOTION
    GADSON, PAUL C. NOBLE, JOHNNIE E.  | AND MOTION TO DISMISS SECOND
18  JONES, Jr., FREDERICK ROBINSON,    | AMENDED COMPLAINT WITH
    GLEN ROANE, DAVID RICKETTS,        | PREJUDICE; POINTS AND
19  LESTER TOM, TERRY HAYNIE, SAL      | AUTHORITIES IN SUPPORT THEREOF**
    CROCKER, ANTHONY MANSWELL,         |
20  KARL MINTER, ERWIN WASHINGTON,     |
    DARRYL WILSON, LEO SHERMAN, KEN    | **[DEFENDANTS' MOTION TO STRIKE
21  HANEY, RICHARD JOHN, ODIE          | CONCURRENTLY FILED HEREWITH]**
    BRISCOE, and TERENCE HARTSFIELD,   |
22                                     |
               Plaintiffs,             | Date:       March 22, 2013
23                                     | Time:       9:00 a.m.
          vs.                          | Courtroom:  7
24                                     | Judge:      Hon. Maxine M. Chesney
    UNITED CONTINENTAL HOLDINGS,       |
25  INC.; UNITED AIR LINES, INC.;      | Complaint filed:  May 29, 2012
    CONTINENTAL AIRLINES, INC.; and    | FAC filed:        July 20, 2012
26  DOES 1-10,                         | SAC filed:        November 30, 2012
                                       |
27             Defendants.             |

28

CASE NO. 3:12-CV-02730-MMC                    DEFTS' NOTICE OF MOTION/MOTION TO
                                              DISMISS SAC WITH PREJUDICE; PS AND AS

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION/SUMMARY OF ARGUMENTS ............................................. 3

II.    FACTUAL BACKGROUND ................................................................................ 5

    A.    Defendants' Background ............................................................................ 5

    B.    Plaintiffs' Background ............................................................................... 5

        1.    Plaintiffs Have Varied Work Histories ....................................... 5

        2.    Some Plaintiffs Filed Earlier Charges ........................................ 6

    C.    The Second Amended Complaint .............................................................. 6

        1.    Some Plaintiffs Identify Positions They Applied for; Others Do Not ....... 6

        2.    Most Plaintiffs Fail To Allege Any Applications For California Jobs .......... 7

        3.    Plaintiffs Also Allege Defendants "Hand Picked" Candidates for Temporary Positions or Special Assignments ........................... 7

        4.    Plaintiffs Vaguely Allude to Discrimination In Compensation ................. 8

    D.    EEOC and DFEH Charges ........................................................................ 8

III.   PLAINTIFFS' DISPARATE IMPACT CLAIMS FAIL AS A MATTER OF LAW ........ 9

    A.    Plaintiffs Lack Subject Matter Jurisdiction And Fail To State Disparate Impact Claims Because They Failed To Exhaust Their Administrative Remedies ........................................................ 9

    B.    Plaintiffs' Disparate Impact Discrimination Claims (Third, Fourth) Must Be Dismissed Because They Fail To Allege Sufficient Facts To State A Claim As Required By FRCP 8 ........................ 12

IV.   PLAINTIFF'S DISPARATE TREATMENT CLAIMS (THIRD, FOURTH, FIFTH) ALSO FAIL AS A MATTER OF LAW ........................................ 15

    A.    Plaintiffs Lack Subject Matter Jurisdiction And Fail To State Disparate Treatment Claims Because They Failed To Exhaust Their Administrative Remedies As To Those Claims Not Mentioned In Their Charges Of Discrimination ........................................ 15

        1.    Plaintiffs Failed To Exhaust Administrative Remedies With Respect To Special Assignments And Compensation ............. 16

        2.    Plaintiffs Failed To Exhaust Administrative Remedies For All Promotions Or Special Assignments That Allegedly Occurred After They Filed EEOC/DFEH Charges ........................... 17

        3.    Plaintiffs' Claims Relating to Promotions Or Special Assignments That Allegedly Occurred Before The Limitations Period Covered By Their Respective EEOC/DFEH Charges Are Barred by the Statute of Limitations ........................................ 17

    B.    Plaintiffs' Disparate Treatment Discrimination Claims Must Be Dismissed Because They Fail To Allege Sufficient Facts To State A Claim For Relief That Is Plausible On Its Face As Required By FRCP 8 ........................ 18

1

**TABLE OF CONTENTS**
(continued)

2

                                                                                    **Page**

3   V.      PLAINTIFFS' RETALIATION CLAIMS (FIRST AND SECOND) FAIL AS A

4           MATTER OF LAW ................................................................................................ 20

5           A.      Plaintiffs Lack Subject Matter Jurisdiction And Fail To State A Claim For
                    Retaliation Claims Not Addressed In Their Administrative Charges, and
                    Which Fall Outside the Limitations Period............................................ 20

6           B.      Plaintiffs' Retaliation Claims Must Be Dismissed Because They Fail To
                    Allege Sufficient Facts To State A Claim For Relief That Is Plausible On
7                   Its Face As Required By FRCP 8.......................................................... 20

8   VI.     PLAINTIFFS' FEHA CLAIMS MUST BE DISMISSED BECAUSE FEHA HAS
            NO EXTRATERRITORIAL APPLICATION ................................................. 23

9   VII.    UNITED CONTINENTAL HOLDINGS, INC. MUST BE DISMISSED ...................... 24

10          A.      Plaintiffs Failed To Exhaust Administrative Remedies With Respect To
                    UCH ........................................................................................................ 24

11          B.      Plaintiffs' UCH Claims Must Be Dismissed Pursuant To Rule 12(b)(6) ............ 24

12  VIII.   CONCLUSION ............................................................................................ 25

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Annett v. Univ. of Kan.*,
371 F.3d 1233 (10th Cir. 2004)............................................................................. 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................... passim

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................... passim

*Bolden v. Walsh Constr. Co.*,
688 F.3d 893 (7th Cir. 2012)....................................................................... 13, 14

*Brown v. Coach Stores, Inc.*,
163 F.3d 706 (2d Cir. 1998)................................................................................. 21

*Campbell v. Arco Marine, Inc.*,
42 Cal. App. 4th 1850 (1996) .................................................................... 23, 24

*Clopton v. Global Computer Assocs.*,
1995 WL 419831 (C.D. Cal. Mar. 27, 1995) ..................................................... 23

*Coe v. Yellow Freight Sys., Inc.*,
646 F.2d 444 (10th Cir. 1981).............................................................................. 14

*De Los Santos v. Panda Express, Inc.*,
2010 U.S. Dist. LEXIS 127788 (N.D. Cal. Dec. 3, 2010) ................................. 9-11

*Donaldson v. Microsoft Corp.*,
205 F.R.D. 558 (W.D. Wash. 2001) .................................................................... 10

*EEOC v. Farmer Bros. Co.*,
31 F.3d 891 (9th Cir. 1994).................................................................................. 10

*Fisher v. San Pedro Peninsula Hosp.*,
214 Cal. App. 3d 590 (1989)............................................................................... 25

*Flait v. N. Am. Watch Corp.*,
3 Cal. App. 4th 467 (1992) .................................................................................. 21

*Gay v. Waiters' & Dairy Lunchmen's Union*,
694 F.2d 531 (9th Cir. 1982)............................................................................... 10

*Gen. Dynamics Corp. v. Superior Court*,
7 Cal. 4th 1164 (1994) ....................................................................................... 21

DEFTS' NOTICE OF MOTION/MOTION TO
DISMISS SAC WITH PREJUDICE; PS AND AS

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Goethe v. State of Cal. Dep't of Motor Vehicles*,
  2008 U.S. Dist. LEXIS 16164 (E.D. Cal. Feb. 20, 2008) ...................................................... 11

*Gonsalves v. Infosys Techs., LTD*,
  2010 WL 1854146 (N.D. Cal. May 6, 2010) .................................................................. 23, 24

*Gonzalez v. Ingersoll Milling Mach. Co.*,
  133 F.3d 1025 (7th Cir. 1998)........................................................................................ 20, 21

*Grimes v. Texas Dep't of Mental Health & Mental Retardation*,
  102 F.3d 137 (5th Cir. 1996)................................................................................................. 21

*Hazen Paper Co. v. Biggins*,
  507 U.S. 604 (1993) ............................................................................................................. 18

*Ibarbia v. Regents of Univ. of Cal.*,
  191 Cal. App. 3d 1318 (1987)........................................................................................ 14, 19

*Jackson v. United Parcel Serv., Inc.*,
  643 F.3d 1081 (8th Cir. 2011), *cert. denied*,
  132 S. Ct. 1075 (2012) ............................................................................................. 15, 17, 18

*King v. Town of Hanover*,
  116 F.3d 965 (1st Cir. 1997) ............................................................................................... 21

*Ledbetter v. Goodyear Tire & Rubber Co.*,
  550 U.S. 618 (2007) ............................................................................................................. 15

*Levy v. Regents of Univ. of Cal.*,
  199 Cal. App. 3d 1334 (1988)............................................................................................. 18

*Little v. United Techs.*,
  103 F.3d 956 (11th Cir. 1997).............................................................................................. 21

*Marks v. Am. Airlines, Inc.*,
  313 Fed. Appx. 933 (9th Cir. 2009) ..................................................................................... 23

*McAdoo v. Toll*,
  591 F. Supp. 1399 (D. Md. 1984) .......................................................................................... 5

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973) ............................................................................................................. 18

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002) ............................................................................................................. 15

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page(s)**

3

*Okoli v. Lockheed Tech. Operations Co.*,

4

    36 Cal. App. 4th 1607 (1995) ............................................................... 10

5

*Okwuosa v. EDD*,
    143 Fed. Appx. 20 (9th Cir. 2005) ...................................................... 21

6

*Pacheco v. Mineta*,

7

    448 F.3d 783 (5th Cir. 2006)................................................................ 11

8

*Petrosino v. Bell Atl.*,
    385 F.3d 210 (2d Cir. 2004).................................................................. 21

9

10

*Robinson v. Geithner*,
    359 Fed. Appx. 726 (9th Cir. 2009) ............................................... passim

11

*Ross v. O'Leary*,

12

    1996 U.S. Dist. LEXIS 17605 (N.D. Cal. Nov. 8, 1996)..................... 10

13

*Rush v. McDonald's Corp.*,
    966 F.2d 1104 (7th Cir. 1992).............................................................. 10

14

15

*Schiff v. City and Cnty. of S.F.*,
    816 F. Supp. 2d 798 (N.D. Cal. 2011) ................................................ 18

16

*Semsroth v. City of Wichita*,

17

    304 Fed. Appx. 707 (10th Cir. 2008) .................................................. 11

18

*Shannon v. Ford Motor Co*,
    72 F.3d 678 (8th Cir. 1996)................................................................... 18

19

20

*Stout v. Potter*,
    276 F.3d 1118 (9th Cir. 2002).............................................................. 10

21

*Tagupa v. Bd. of Dirs.*,

22

    633 F.2d 1309 (9th Cir. 1980).............................................................. 19

23

*Texas Dep't of Cmty. Affairs v. Burdine*,
    450 U.S. 248 (1981)............................................................................. 18

24

25

*Velez v. Janssen Ortho LLC*,
    467 F.3d 802 (1st Cir. 2006)................................................................ 21

26

*Wal-Mart Stores, Inc. v. Dukes*,

27

    131 S. Ct. 2541 (2011) ...................................................... 4, 12, 13, 14

28

**TABLE OF AUTHORITIES**
(continued)

Page(s)

STATUTES

42 U.S.C. § 1981 ................................................................................................ passim

42 U.S.C. § 2000e-2 .......................................................................................... passim

42 U.S.C. § 2000e-3(a) ............................................................................................ 20

42 U.S.C. § 2000e-5(e) ............................................................................................ 15

42 U.S.C. § 2000e–5(e)(1) ................................................................................ 15, 17

CAL. GOV'T CODE § 12920 ............................................................................... passim

CAL. GOV'T CODE § 12940(a) .................................................................................. 25

CAL. GOV'T CODE § 12940(h) .................................................................................. 20

CAL. GOV'T CODE § 12960(d) ............................................................................ 15, 17

RULES

FED. R. CIV. P. 8 ............................................................................................... passim

FED. R. CIV. P. 8(a)(2) ............................................................................................. 12

FED. R. CIV. P. 12(b)(1) .......................................................................................... 1, 5

FED. R. CIV. P. 12(b)(6) ......................................................................... 1, 2, 5, 12, 24

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on March 22, 2013, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7 of this Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, before the Honorable Maxine M. Chesney, Defendants United Air Lines, Inc. ("United"); United Continental Holdings, Inc. ("UCH"); and Continental Airlines, Inc. ("Continental") (collectively "Defendants") will and hereby do move this Court for an order dismissing certain claims in Plaintiffs' Second Amended Complaint ("SAC") without leave to amend.  This Motion to Dismiss without leave to amend is brought pursuant to Federal Rules of Civil Procedure ("FRCP") 8, 12(b)(1) and 12(b)(6) on the following grounds.

1.      All Plaintiffs fail to state a claim and lack subject matter jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, *et seq.* ("Title VII") and the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12920 ("FEHA") for their disparate impact claims because they did not exhaust administrative remedies; Plaintiffs have failed in the following particulars:  (a) they failed to specify the type of claim in administrative charges for which relief is now sought in the SAC, including without limitation a failure to allege that any facially-neutral policy or practice had a disparate impact on African-American employees; (b) in multiple instances Plaintiffs seek relief in the SAC for alleged misconduct after the time of the filing of any administrative charge; and (c) they repeatedly failed to timely file an administrative charge during the applicable limitations period as required in order to exhaust administrative remedies under Title VII and FEHA.

2.      All Plaintiffs fail to state a claim for disparate impact discrimination under Title VII and FEHA, because the SAC lacks specific facts necessary to assert a facially plausible claim for disparate impact discrimination and does not meet the minimum pleading requirements of FRCP 8, *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) ("*Iqbal*") and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").

3.      Plaintiffs fail to state a claim and lack subject matter jurisdiction for disparate treatment discrimination under Title VII and FEHA, insofar as they did not exhaust

administrative remedies as to any alleged unlawful employment conduct; in multiple instances Plaintiffs have failed in the following particulars: (a) they have failed to specify the type of claim in administrative charges for which relief is now sought in the SAC; (b) they seek relief in the SAC for alleged misconduct after the time of the filing of any administrative charge; and (c) they failed to timely file an administrative charge during the applicable limitations period as required in order to exhaust administrative remedies under Title VII and FEHA.

4.     All Plaintiffs fail to state a claim for disparate treatment discrimination under Title VII, FEHA, and section 1981 of the 1866 Civil Rights Act, 42 U.S.C. § 1981 ("section 1981"), because the SAC lacks specific facts necessary to assert a facially plausible claim for disparate treatment discrimination and does not meet the minimum pleading requirements of FRCP 8, *Iqbal,* and *Twombly.*

5.     Those Plaintiffs alleging retaliation fail to state a claim and lack subject matter jurisdiction under Title VII and FEHA to the extent they did not exhaust their administrative remedies as to any alleged unlawful employment conduct. In multiple instances Plaintiffs have failed in the following particulars: (a) they have failed to specify the type of claim in administrative charges for which relief is now sought in the SAC; (b) they seek relief in the SAC for alleged misconduct after the time of the filing of any administrative charge; and (c) they failed to timely file an administrative charge during the applicable limitations period as required in order to exhaust administrative remedies under Title VII and FEHA.

6.     Those Plaintiffs alleging retaliation fail to state a claim for relief under Title VII and FEHA, because the SAC lacks specific facts necessary to assert a facially plausible retaliation claim and does not meet the minimum pleading requirements of FRCP 8, *Iqbal,* and *Twombly.*

7.     All Plaintiffs based at airports outside California fail to state a claim for retaliation and/or discrimination under FEHA because FEHA does not have extraterritorial reach.

8.     Defendant UCH must be dismissed for lack of subject matter jurisdiction and failure to state a claim because Plaintiffs failed to exhaust administrative remedies as to this particular defendant. Defendant UCH also must be dismissed pursuant to FRCP 8 and 12(b)(6) because it is a holding company that does not employ any of the Plaintiffs.

1   This motion is based upon this Notice and Memorandum of Points and Authorities in

2   support thereof; the accompanying Declaration of Jennifer S. Baldocchi ("Baldocchi

3   Declaration") and Request for Judicial Notice ("RJN"); the Court's record in this action; all

4   matters of which the Court may take judicial notice; and such documentary and oral evidence as

5   may be presented at or before the hearing on this motion.

6   DATED:  February 15, 2013          DONNA M. MELBY

7

8                                      By: _____/s/ Donna M. Melby_____
                                              DONNA M. MELBY

9                                      Attorneys for Defendants
                                       UNITED AIRLINES, INC.; UNITED
10                                     CONTINENTAL HOLDINGS, INC.; AND
                                       CONTINENTAL AIRLINES, INC.

11

12                    **MEMORANDUM OF POINTS AND AUTHORITIES**

13   **I.       INTRODUCTION/SUMMARY OF ARGUMENTS**

14          Despite another opportunity to attempt to cure the serious defects in their First Amended

15   Complaint, the Plaintiffs in this discrimination, retaliation and harassment case have, once again,

16   failed to present viable claims.  Instead, Plaintiffs have elected to again file one complaint on

17   behalf of twenty three (23) different individuals, asserting a hodge-podge of claims and theories

18   regarding promotions and special assignments, most of which are not legally cognizable or are

19   otherwise improper because they are outside the statute of limitations and/or they have not

20   properly exhausted their remedies as required to bring the action.[1]  The Second Amended

21   Complaint ("SAC") asserts muddled, ambiguous, and wholly unsupported claims for relief that

22   fall woefully short of the foundation required by FRCP 8, *Iqbal,* and *Twombly.*  Plaintiffs'

23   anticipated requests for yet another opportunity to amend or to conduct discovery should not be

24   heeded.  The law does not permit discovery as a fishing expedition to search for potential facts

25   that might stick.  Plaintiffs have had more than enough time and opportunity to adequately plead

26   their claims.  As such, dismissal with prejudice is appropriate as to the following:

27   _____

28   [1] Defendants expressly reserve, consistent with prior order of the Court, the right to move to
     dismiss or transfer for improper venue and to move to sever Plaintiffs claims.

- **Disparate Impact Claims:** Plaintiffs' disparate impact claims (Claims 3 and 4) should be dismissed because Plaintiffs failed to exhaust their administrative remedies.  None of the Plaintiffs allege in their administrative charges that a facially-neutral policy or practice had a disparate impact on African-American employees.  Additionally, the disparate impact claims should be dismissed because they fall far short of the mandates of FRCP 8, *Iqbal*, and *Twombly*.  The SAC alleges that discrimination was perpetrated by unidentified managers through their exercise of discretion in making subjective employment decisions that supposedly adversely impacted the Plaintiffs.  As *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ("*Wal-Mart*") holds, this sort of alleged distributed decision-making, without more, does not amount to a specific employment practice, which is a required element.  Likewise, many Plaintiffs have not alleged specific positions that they purportedly did not receive in connection with any disparate impact claim(s).

- **Disparate Treatment Claims:** Plaintiffs' disparate treatment claims (Claims 3, 4 and 5) should be dismissed to the extent that they have failed to exhaust their administrative remedies, either because, in multiple instances Plaintiffs have failed in the following particulars:  (1) they have failed to specify the type of claim in administrative charges for which relief is now sought in the SAC; (2) they seek relief in the SAC for alleged misconduct after the time of the filing of any administrative charge; and (3) they failed to timely file an administrative charge during the applicable limitations period as required in order to exhaust administrative remedies under Title VII and FEHA.  Like Plaintiffs' disparate impact claims, their disparate treatment discrimination claims also fail to meet the minimum pleading requirements under  FRCP 8, *Iqbal*, and *Twombly* and should be dismissed.  The disparate treatment allegations are so general that it is impossible to even distinguish particular events supporting the claims, such as who the decision-maker was, what positions were allegedly not received as the basis of their disparate treatment complaints, when the discrimination occurred or even how their general legal conclusions of discrimination relate in any way to any of the 23 Plaintiffs.

- **Retaliation Claims:** The retaliation claims alleged in Claims 1 and 2 by eleven Plaintiffs fail because they did not exhaust administrative remedies, as set forth above.  Further, the

1   retaliation claims are totally lacking in specific facts necessary to assert a facially plausible cause

2   of action and fail to satisfy FRCP 8, *Iqbal*, and *Twombly*.

3   • **FEHA Claims:** The FEHA claims (Claims 2, 4, and 7) of those Plaintiffs who are based

4   at airports outside California should be dismissed since FEHA does not have extraterritorial

5   reach.

6   • **Claims Against United Continental Holdings Inc.:** All claims against Defendant United

7   Continental Holdings, Inc. must be dismissed because Plaintiffs failed to exhaust administrative

8   remedies and Plaintiffs do not allege being employed by this corporate entity (nor were they).

9   **II.    FACTUAL BACKGROUND**[2]

10  **A.    Defendants' Background.**

11  As a result of a 2010 merger, Defendant United Continental Holdings, Inc. ("UCH") was

12  created as the holding company of two wholly-owned subsidiary airlines, United Air Lines Inc.

13  ("United") and Continental Airlines, Inc. ("Continental"). While all flights now operate under the

14  "United" name, as of this date, United and Continental remain separate subsidiary companies.

15  SAC ¶¶ 29-32.

16  **B.    Plaintiffs' Background.**

17  **1.    Plaintiffs Have Varied Work Histories.**

18  Plaintiffs consist of 21 pilots and two airport supervisors.  SAC ¶¶ 6-28.  Plaintiffs

19  Briscoe and Sherman are employed by Continental. SAC ¶¶ 324, 331.  The other Plaintiffs are

20  employed by United.  SAC ¶¶ 76-336.[3]  No Plaintiff alleges specific facts in the SAC that he or

21  she is employed by United Continental Holdings (and, as a matter of fact, UCH does not employ

22  any Plaintiffs).  The 23 Plaintiffs allege varied work experiences, with tenures ranging from 14 to

23  over 30 years.  SAC ¶¶ 6-28, 76-336.

24  [2] Defendants' FRCP 12(b)(6) motion relies only on the facts alleged in the SAC and in the RJN.
    Defendants' FRCP 12(b)(1) motion also relies on evidence extrinsic to the SAC, which a court

25  may consider to determine subject matter jurisdiction.  *Robinson v. Geithner*, 359 Fed. Appx.
    726, 728 (9th Cir. 2009) (considering a motion to dismiss under Federal Rule of Civil Procedure

26  12(b)(1) for failure to exhaust administrative remedies; "When considering a factual challenge to
    subject matter jurisdiction, a court may rely on evidence extrinsic to the pleadings and is not

27  required to presume the truthfulness of the complaint's allegations.").
    [3] SAC ¶¶ 76, 91, 103, 116, 135, 157, 172, 184, 198, 214, 229, 240, 247, 254, 262, 268, 275, 291,

28  301, 308, 316,

1    Each Plaintiff is based at a specific airport location which is referenced by an airport code.

2    For instance, a pilot based in San Francisco will have a code of SFO. SAC ¶¶ 72, 73. Five

3    Plaintiffs allege that they are based in California (Ecung, Miller, Palmer, Hartsfield, Johnson).

4    SAC ¶¶ 6, 17, 18, 19, 26. The rest of the Plaintiffs are based outside of California. SAC ¶¶ 7-16,

5    20-25, 27-28.  In all, the Plaintiffs are based at eight airports in seven different states.[4]

6              **2.     Some Plaintiffs Filed Earlier Charges.**

7    Eleven Plaintiffs previously brought EEOC claims against United (the "11 Plaintiffs").

8    SAC ¶¶ 59, 340. These eleven include Crocker, Gadson, John, Johnson, Jones, Minter,

9    Montgomery, Noble, Roane, Tom, and Wilson. SAC section E at 15; SAC ¶ 340. The 11

10   Plaintiffs allege they engaged in protected activity through filing the prior EEOC claims. SAC ¶¶

11   340-341.

12             **C.     The Second Amended Complaint.**

13   The SAC filed by these 23 Plaintiffs alleges seven claims for relief against Defendants:

14   (1) retaliation in violation of Title VII (brought by the 11 Plaintiffs); (2) retaliation in violation of

15   FEHA (brought by the 11 Plaintiffs); (3) race discrimination in violation of Title VII (brought by

16   all Plaintiffs); (4) race discrimination in violation of FEHA (brought by all Plaintiffs;); (5) race

17   discrimination in violation of section 1981 (brought by all Plaintiffs;)[5]; (6) harassment in

18   violation of Title VII (brought by Haynie); (7) harassment in violation of FEHA (brought by

19   Haynie). Plaintiffs confusingly try to plead both a disparate impact and disparate treatment claim

20   in Claims 3 and 4.[6]

21             **1.     Some Plaintiffs Identify Positions They Applied for; Others Do Not.**

22   The SAC is structured in a way that presents information about each Plaintiff, including

23   his or her background and the positions sought by some (but not all) of the Plaintiffs. SAC ¶¶ 6-

24   28, 76-336. Plaintiffs allege the following number of applications in their individual allegations:

25   _____

26   [4]   DEN, Colorado (Robinson); EWR, New Jersey (Gadson); IAD, Virginia (Haynie, Jones, Manswell, Minter, Montgomery, Ricketts, Roane, Wilson); IAH, Texas (Briscoe, Crocker, Haney, Sherman, Washington); JFK, New York (John, Noble); ORD, Illinois (Tom); LAX,

27   California (Ecung, Miller, Palmer); SFO, California (Hartsfield, Johnson). SAC ¶¶ 6-28.
     [5]   The timeframe on Claims 3-5 is limited to post February 2011 for the 11 Plaintiffs.
     [6]   These claims are discussed separately below.

28

| No. Positions applied for | Plaintiff Names |
|---|---|
| 0 | Ecung, Haney, Haynie, Miller, Palmer, Ricketts, Robinson, Sherman, Washington.  SAC ¶¶ 240-246, 247-253, 254-261, 262-267, 268-274, 275-290, 301-307, 308-315, 331-336. |
| 1 | Briscoe, Gadson, Hartsfield, Manswell, Noble.  SAC ¶¶ 167, 233, 298, 320, 327. |
| 2 | Tom.  SAC ¶¶ 193-194. |
| 4 | Montgomery.  SAC ¶¶ 222-225. |
| 5 | Johnson.  SAC ¶ 84. |
| 5 | Minter.  SAC ¶¶ 207-210. |
| 13 | Wilson.  SAC ¶¶ 127, 129, 130. |
| 17 | Crocker, Jones.  SAC ¶¶ 97, 111. |
| 20 | Roane.  SAC ¶¶ 180. |
| 22 | John.  SAC ¶¶ 143-152. |

Beyond listing the positions they applied for, each Plaintiff provides little or no information surrounding the applications, and all fail to allege specific facts showing retaliation or intentional discrimination with respect to any alleged non-promotion.  *See, e.g.,* SAC ¶¶ 87, 99, 112, 131, 153.

### 2. Most Plaintiffs Fail To Allege Any Applications For California Jobs.[7]

Twenty plaintiffs allege no job applications for positions in California (Briscoe, Ecung, Gadson, Haney, Hartsfield, Haynie, John, Johnson, Manswell, Miller, Minter, Montgomery, Noble, Palmer, Ricketts, Roane, Robinson, Sherman, Tom, Washington).  SAC ¶¶ 6, 10-28, 84, 143-152, 167, 180, 193-194, 207-210, 222-225, 233, 240-246, 247-253, 254-261, 262-267, 268-274, 275-290, 298, 301-307, 308-315, 320, 327, 331-336.  Only three allege that they actually applied for positions in California (Crocker, Jones, Wilson).  SAC ¶¶ 7-9, 98, 111, 127.

### 3. Plaintiffs Also Allege Defendants "Hand Picked" Candidates for Temporary Positions or Special Assignments.

Plaintiffs also summarily, deficiently and erroneously claim that each "challenges all of the management positions that were 'hand-picked' by Defendants as articulated in paragraphs 71-73."  *See, e.g.,* SAC ¶ 88, 100, 113, 237.  The positions in paragraphs 72-73 are California-based jobs that fall into two categories:  temporary special assignments and promotions to permanent

---

[7] This section addresses only jobs Plaintiffs actually submitted an application for in California. Plaintiffs identify several jobs in paragraphs 72-73 that are based in California that they did not actually apply for. Those are discussed in the next section.

1    jobs.  SAC ¶¶ 72, 73.  The five permanent positions alleged in paragraphs 72-73 are:  (1) the SFO

2    Chief Pilot position (¶ 72);  (2) the 2008 LAX Acting Chief Pilot position (¶ 73);  (3) The 2009

3    LAX Flight Manager position (¶ 73);  (4) the February 8, 2012 LAX B737 Line Check Airman

4    position (¶ 73); and (5) the December 5, 2011 LAX B737 Line Check Airman position (¶ 73).

5          The remaining positions in paragraphs 72-73 are "special assignments."  SAC ¶¶ 72-73.

6    According to the SAC, most of the special assignments were filled recently, in September-

7    November 2012.  SAC ¶¶ 72-73.  There are no facts in the SAC, however, that any Plaintiff

8    applied for, was eligible for, qualified for, or expressed any interest whatsoever in these positions.

9    There are no facts showing that any Plaintiff was in the pool of applicants considered for the

10   positions in paragraphs 72 and 73, or that the Plaintiff did not receive a position due to

11   discrimination or retaliation (or any other unlawful conduct).

12         Finally, in paragraph 74, Plaintiffs allege that they "are challenging all management

13   positions based nationwide that were filled via Defendants' practice of hand-picking individuals."

14   SAC ¶ 74.  This paragraph lists 23 additional alleged management positions, for which they claim

15   to have been more qualified than the individuals selected.[8]  As with Paragraphs 72 and 73, there

16   are no facts connecting the jobs to any alleged discrimination, retaliation or harassment, or to any

17   Plaintiff, except Montgomery.  *Id.*

18              **4.     Plaintiffs Vaguely Allude to Discrimination In Compensation.**

19         Plaintiffs' compensation claims consist mainly of the term's inclusion in boilerplate

20   recitations that Defendants discriminate as to, or take actions with a discriminatory impact upon,

21   "assignments, promotions and compensation."  *See, e.g.,* ¶ 368.  At no point do they even allege

22   compensation was reduced as a result, much less how the reduction occurred or by how much.

23       **D.     EEOC and DFEH Charges.**

24         Plaintiffs each allege that they filed complaints of discrimination with the California

25   Department of Fair Employment and Housing ("DFEH") and EEOC against United.  In light of

26   page limit constraints, the 23 Plaintiffs' charges cannot be quoted and analyzed separately in this

27

28   ───────────────────────
     [8] In some cases, Plaintiffs list only the selected individual's name, and not the position at issue;
     Defendants assume for purposes of this Motion only that these jobs are management positions.

brief.  Instead, they are submitted as exhibits to the Baldocchi Declaration and RJN.  Baldocchi

Dec. Exs. A-W; RJN Exs A-W.  A sample DFEH charge, filed by Gadson, alleges,

> From 2009 to the present, I have been passed over for promotions.  Less qualified non African American candidates have been selected for the higher management positions.  United Airlines retaliated against me because I am part of the United Coalition, a group that filed discrimination charges in 2010.

Baldocchi Dec. Ex. D; RJN Ex. D.  A sample EEOC charge also filed by Gadson, states,

> Since 2009, I have been passed over for promotions.   Higher management positions have been filled by less qualified non African-American candidates . . . I believe that I was discriminated against because of my race (African American), in violation of [] Title VII of the Civil Rights Act of 1964, as amended.  I also believe that Respondent has retaliated against me because I am part of the United Coalition that filed discrimination charges against Respondent in 2010.

Baldocchi Dec. Ex. D; RJN Ex. D.

Plaintiffs' charges are all filed between February 2012 and July 2012.   Please see the

attached Baldocchi declaration for dates that the Plaintiffs' EEOC and DFEH charges were filed.[9]

### III.   PLAINTIFFS' DISPARATE IMPACT CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs attempt to plead disparate impact in Claims 3 and 4.[10]  However, these claims

fall short for two reasons:  a) they lack subject matter jurisdiction and fail to state a claim in that

Plaintiffs failed to exhaust their remedies, and b) they fail to state a claim under the

*Twombly/Iqbal* standards.

> #### A.   Plaintiffs Lack Subject Matter Jurisdiction And Fail To State Disparate Impact Claims Because They Failed To Exhaust Their Administrative Remedies.

To establish subject matter jurisdiction and state a claim under Title VII or FEHA, each

Plaintiff must exhaust administrative remedies as to the specific adverse employment action he or

she challenges.  *De Los Santos v. Panda Express, Inc.*, 2010 U.S. Dist. LEXIS 127788, at *11

---

[9] These charge dates are based on the date "received" by the agency to the extent Defendants have obtained this information, for example, through service copies or freedom of information act ("FOIA") requests.  Baldocchi Dec. ¶ 3-5, n. 1; 31-32.  However, some charges do not show the "received" date.  *Id.*  To the extent this information is missing, Defendants use the sent date. Defendants reserve all rights to assert all defenses and arguments if and when additional information is discovered, including without limitation, the dates and charge allegations and the SOL limitations periods resulting therefrom.
[10] Plaintiffs also attempt to plead disparate treatment claims in these Claims, inappropriately intermingling these two distinct claims in hopes that one will stick. The disparate treatment claim will be addressed in detail below.

1    (N.D. Cal. Dec. 3, 2010) ("To establish subject matter jurisdiction over a Title VII claim, a

2    plaintiff alleging federal employment discrimination claims must first exhaust his administrative

3    remedies.") (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994)); *Okoli v.*

4    *Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995) (to bring FEHA claims in

5    court, plaintiff must exhaust administrative remedies) (quotation marks, citations omitted).

6          Disparate impact claims are separate and distinct from disparate treatment claims.  In a

7    disparate treatment case, a plaintiff must prove that the employer intentionally discriminated

8    against her because of her race.  *Gay v. Waiters' & Dairy Lunchmen's Union*, 694 F.2d 531, 537

9    (9th Cir. 1982).  In contrast, to state a disparate impact claim, a plaintiff need not establish

10   intentional discrimination.  Rather, a plaintiff must show that the operation of a specific, facially-

11   neutral employment policy or practice results in a significant statistical disparity among members

12   of different racial groups.  *Stout v. Potter*, 276 F.3d 1118, 1121-22 (9th Cir. 2002).

13         Given these differences, a plaintiff cannot exhaust claims of disparate impact merely by

14   asserting disparate treatment, or vice versa.  Rather, "each discrete [discriminatory] action

15   constitutes its own 'unlawful employment practice for which administrative remedies must be

16   exhausted.'"  *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004) (citation omitted).

17   Courts have declined to find disparate impact exhaustion where an administrative charge alleges

18   only general facts of discrimination rather than the specific elements of a disparate impact claim.

19   *See, e.g.*, *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1112 (7th Cir. 1992) ("We hold that it will

20   not suffice to file general charges with the EEOC, as was done here, and then to expect that this

21   allegation will permit all claims of race-based discrimination in a subsequent lawsuit."); *Ross v.*

22   *O'Leary*, 1996 U.S. Dist. LEXIS 17605, at *19-20 (N.D. Cal. Nov. 8, 1996) (statement that

23   defendant engaged in "racially and/or ethnically motivated employment discrimination" was

24   insufficient to exhaust disparate impact claim); *Donaldson v. Microsoft Corp.*, 205 F.R.D. 558,

25   569-70 (W.D. Wash. 2001) (charge alleging that plaintiff's negative evaluation was based on her

26   race and sex exhausted a claim for disparate treatment but not disparate impact).

27         Here, Plaintiffs' charges allege no elements of a disparate impact claim.  For example,

28   Gadson's EEOC charge states:

1

2

3

> Since 2009, I have been passed over for promotions.  Higher management positions have been filled by less qualified non African-American candidates.  Respondent has not given any reason for their actions.  I believe that I was discriminated against because of my race (African American), in violation of the Title VII of the Civil Rights Act of 1964, as amended.

4   Baldocchi Dec. Ex. D; RJN Ex. D.  Plaintiffs' charges do not reference a facially neutral policy or

5   practice with significant discriminatory effect.  Baldocchi Dec. Ex. A-W; RJN Ex. A-W.  Because

6   such a policy or practice is the crux of a disparate impact claim, Plaintiffs did not exhaust their

7   administrative remedies.  *Id*; Baldocchi Dec. Ex. X.  Plaintiffs cannot now seek to litigate such

8   claims before the Court.  *See, e.g.*, *Semsroth v. City of Wichita*, 304 Fed. Appx. 707, 720 (10th

9   Cir. 2008) (failure to exhaust disparate impact claim where plaintiffs' EEOC charges did not

10  identify specific employment practices that resulted in disparate impact, or include factual

11  allegations that would give rise to a reasonable expectation of an administrative investigation for

12  disparate impact); *Pacheco v. Mineta*, 448 F.3d 783, 791-92 (5th Cir. 2006) (disparate impact

13  claim not exhausted where plaintiff's charge alleged he was passed over for promotion in favor of

14  a "good old boy" and "fail[ed] to identify any neutral employment policy that would form the

15  basis of a disparate-impact claim"); *De Los Santos*, 2010 U.S. Dist. LEXIS 127788, at *14-15

16  (plaintiffs failed to exhaust their disparate impact claims where they did not identify a neutral

17  employment practice with a disproportionate effect on employees); *Goethe v. State of Cal. Dep't*

18  *of Motor Vehicles*, 2008 U.S. Dist. LEXIS 16164, at *19 (E.D. Cal. Feb. 20, 2008) (plaintiff

19  failed to exhaust administrative remedies as to his disparate impact claim where he alleged that he

20  was denied promotional opportunities and discriminated against because of his race, but did not

21  allude to any specific policy or procedure that adversely affect African-Americans as a group).

22  This Court should dismiss the disparate impact claims for *all* 23 Plaintiffs without leave to

23  amend.  *See Robinson*, 359 Fed. Appx. at 728-730 (if plaintiff failed to exhaust administrative

24  remedies, claims are dismissed with prejudice).[11]

25

26  [11] Even if Plaintiffs had exhausted administrative remedies as to their disparate impact claims – which they have not – their disparate impact claims still would be barred with respect to:  special assignments and compensation discrimination, which was not alleged in any charges; claims related to promotions and/or special assignments that allegedly occurred after any administrative charges were filed; and claims relating to promotions and/or special assignments that allegedly occurred before the limitations period, as more specifically discussed *infra* in section III.A.

27

28

1

**B.      Plaintiffs' Disparate Impact Discrimination Claims (Third, Fourth) Must Be Dismissed Because They Fail To Allege Sufficient Facts To State A Claim As Required By FRCP 8.**

2

3          Even if any of the Plaintiffs have sufficiently exhausted their disparate impact claims,

4    which they have not, they fail to allege a disparate impact claim with facial plausibility sufficient

5    to satisfy FRCP 8 and 12(b)(6).[12]  A claim has facial plausibility when the pleaded factual content

6    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

7    alleged.  *Iqbal*, 556 U.S. at 678.  The tenet that a court must accept a complaint's allegations as

8    true is inapplicable to threadbare recitals of the elements, supported by mere conclusory

9    statements.  *Id.* (citing *Twombly*, 550 U.S. at 555-56).

10         FRCP 8(a)(2) requires that the complaint contain a "short and plain statement of the claim

11   showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).

12   Rule 8, however, does not empower Plaintiff to plead the bare elements of a cause of action, affix

13   the label "general allegation," and expect the complaint to survive.  *Id.,* at 681. ("[B]are assertions

14   . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional

15   discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to an

16   assumption of truth.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While

17   detailed factual allegations are not required, Rule 8 does call for sufficient factual matter,

18   accepted as true, to state a claim that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (Rule 8

19   "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing

20   *Twombly*, 550 U.S. at 555).

21         Plaintiffs' disparate impact claims (Third and Fourth Claims for relief) fail in the face of

22   these pleading standards.  Plaintiffs' disparate impact claims contradict the United States

23   Supreme Court holding in *Wal-Mart Stores*, *Inc. v. Dukes*, 131 S. Ct. 2541 (2011).  Plaintiffs'

24   claim that "Defendants have maintained a system for making decisions about promotions,

25   assignments, and compensation which is excessively subjective and which has had a disparate

26   impact on Plaintiffs."  SAC ¶ 380.  The *Wal-Mart* decision, however, makes clear that mere

27

28   [12] For the FRCP 12(b)(6) motion, Defendants rely only on facts alleged in the SAC and the RJN.

1   delegation of decision-making is not a uniform employment practice sufficient to give rise to

2   disparate impact liability.  131 S. Ct. at 2553.

3        A disparate impact plaintiff must begin by identifying a specific employment practice that

4   is challenged.  Like *Wal-Mart*, Plaintiff here has identified no "specific employment practice"

5   other than the bare existence of delegated discretion.  131 S. Ct. at 2555-56.  On its face, of

6   course, that is just the opposite of a uniform employment practice.  "[I]t is a policy *against having*

7   uniform employment practices."  131 S. Ct. at 2554 (emphasis in original).  Like *Wal-Mart*, the

8   large number of bases, positions, and experiences alleged by the 23 Plaintiffs in this case

9   undermine the relevance of company-wide discretion.  There are no facts in the SAC to show that

10  one person's experience in interviewing for a job has any relation to the experience of another.

11  *See Bolden v. Walsh Constr. Co.*, 688 F.3d 893, 896-97 (7th Cir. 2012) ("To evaluate plaintiffs'

12  grievances . . . , a court would need site-specific, perhaps worker-specific, details . . . .").

13       Under Plaintiffs' theory, multiple managers at varied locations exercise highly

14  independent discretion in making promotion decisions or allegedly "hand-picking" candidates.

15  By definition, the conditions at different locations and experiences under different managers are

16  not uniform; they vary.  As a result, Plaintiffs have alleged no specific employment practice and

17  cannot base their own individual claims of discrimination on the general practice of subjective

18  decisions at multiple locations across the Company.  When managers exercise independent

19  discretion, the circumstances surrounding each job application will differ.  *See Bolden*, 688 F.3d

20  at 896 ("But when multiple managers exercise independent discretion, conditions at different

21  stores (or sites) do not present a common question.").  Whether the issue is class certification or a

22  single Plaintiff's attempt to claim general, company-wide discretion as an employment practice

23  for his or her own disparate impact claim, the theory is equally flawed.

24       The excessive subjectivity alleged in the SAC has the same shortcomings as the same

25  practice identified *Wal-Mart*: it begs the question.  *See Wal-Mart*, 131 S. Ct. at 2551-53.  The

26  Seventh Circuit presented the following example of the problem with this approach:

27

28

1
2
3

> If [defendant] had 25 superintendents, 5 of whom discriminated in awarding overtime, aggregate data would show that black workers did worse than white workers – but that result would not imply that all 25 superintendents behaved similarly, so it would not demonstrate commonality.

*Bolden*, 688 F.3d at 896.  A similar concept is present in the instant situation.  Each Plaintiff  here

4

has alleged no evidence that promotion decisions involving different employees at United or

5

Continental had any relevance whatsoever to any alleged individual experience(s).  Subjective

6

decision-making cannot provide the foundation to prove Plaintiffs' disparate impact claim

7

because "demonstrating the invalidity of one manager's use of discretion will do nothing to

8

demonstrate the invalidity of another's."  *Wal-Mart*, 131 S. Ct. at 2554.

9

In sum, Plaintiffs' attempt to assert subjective decision-making to support disparate

10

impact claims is not viable, as a matter of law.  Just as a single national policy was the missing

11

ingredient in *Wal-Mart*, a single policy spanning all locations and positions raised by the SAC

12

does not exist here.  As *Wal-Mart* held, subjective decisionmaking, without more, is not

13

sufficient.  This is the precise policy that *Wal-Mart* says cannot be addressed on a company-wide

14

basis, no matter how cleverly lawyers may try to repackage local variability as uniformity.

15

Plaintiffs' disparate impact claims must be dismissed.  *See Ibarbia v. Regents of Univ. of Cal.,*

16

191 Cal. App. 3d 1318, 1330 (1987) (affirming summary judgment on disparate impact claim;

17

plaintiff "offers no evidence of any particular practice or policy . . . which has had a disparate

18

impact on Filipino-Americans").

19

In addition, those Plaintiffs who fail to identify a single position they did <u>not</u> receive

20

during the relevant time period cannot satisfy the pleading standard for a disparate impact claim.

21

A plaintiff must show that he or she suffered an adverse employment decision.  *Coe v. Yellow*

22

*Freight Sys., Inc*., 646 F.2d 444, 451 (10th Cir. 1981) ("It is not sufficient for an individual

23

plaintiff to show that the employer followed a discriminatory policy without also showing that

24

plaintiff himself was injured.").   Therefore the disparate impact claims of Ecung, Gadson, Haney,

25

Haynie, Miller, Palmer, Ricketts, Robinson, Sherman, and Washington must be dismissed.[13]

26
27
28

[13] SAC ¶¶  240-246, 247-253, 254-261, 262-267, 268-274, 275-290, 301-307, 308-315, 331-336.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.    PLAINTIFF'S DISPARATE TREATMENT CLAIMS (THIRD, FOURTH, FIFTH) ALSO FAIL AS A MATTER OF LAW**

    **A.    Plaintiffs Lack Subject Matter Jurisdiction And Fail To State Disparate Treatment Claims Because They Failed To Exhaust Their Administrative Remedies As To Those Claims Not Mentioned In Their Charges Of Discrimination.**

       Like their disparate impact claims, Plaintiffs have failed to properly exhaust their remedies.  A plaintiff may recover for a failure to promote under Title VII only if he or she files an EEOC charge within 180 days of the decision, or within 300 days of the decision where the employee initially files a grievance with "an entity with the authority to grant or seek relief with respect to the alleged unlawful practice."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); 42 U.S.C. § 2000e–5(e)(1).  Under FEHA, a Plaintiff has one year from the date of the decision to file an administrative charge.  Cal. Gov't Code § 12960(d).

       The alleged failure to promote is by its very nature a discrete act.  *Morgan*, 536 U.S. at 114.  Both the employer and the allegedly aggrieved party may therefore rely on the clear and predictable exhaustion of administrative remedies for discrete positions allegedly denied during the statute of limitations period.  As Justice Ginsburg explained,

> A worker knows immediately if she is denied a promotion or transfer, if she is fired or refused employment.  And promotions, transfers, hirings, and firings are generally public events, known to co-workers.  When an employer makes a decision of such open and definitive character, an employee can immediately seek out an explanation and evaluate it for pretext.

*Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 649 (2007) (Ginsburg, J. dissenting), *superseded in part by* Lilly Ledbetter Fair Pay Act of 2009 (Pub. L. No. 111-2), *amending* 42 U.S.C. § 2000e-5(e).

       Under *Morgan*, every failure to promote is a separate act that potentially gives rise to a freestanding Title VII or FEHA claim with its own filing administrative charge requirements and deadline.  536 U.S. at 109; *See also Jackson v. United Parcel Serv.*, *Inc.*, 643 F.3d 1081, 1087 (8th Cir. 2011) (plaintiff failed to exhaust administrative remedies for promotion claim not mentioned in EEOC complaint; "The continuing violation doctrine is not applicable to failure-to-promote claims, which arise from discrete employment actions."); *cert.* denied, 132 S. Ct. 1075 (2012); *Robinson*, 359 Fed. Appx. at 726, 728 (dismissing claims for failure to promote; no

1    exhaustion of administrative remedies).  This Court has jurisdiction over only those non-

2    promotions that are described in the administrative charges.  *Robinson*, 359 Fed. Appx. at 728-

3    30.[14]

### 1.  Plaintiffs Failed To Exhaust Administrative Remedies With Respect To Special Assignments And Compensation.

5    None of the Plaintiffs exhausted administrative remedies with respect to the alleged

6    discriminatory failure to place them into special assignments or compensation practices.  *See*

7    Baldocchi Dec. Exs. A-W, X; RJN Exs A-W.  None of the charges mention discriminatory

8    compensation practices.  *Id.*  None of the charges mention special assignments.[15]  Instead, the

9    administrative charges allege discrimination and/or retaliation with respect to *promotions* to

10   *management* positions, which are very different from special assignments.  The SAC describes

11   the difference between a promotion to management and the receipt of a special assignment.  The

12   SAC alleges that "special assignments" are "temporary positions, [which] . . . provide employees

13   with more *opportunities* for advancement."  SAC ¶ 65 (emphasis added).[16]  The SAC thus treats

14   promotion to management as separate and distinct from special assignments.  *See e.g.* SAC ¶¶ 65-

15   66, 344 ("Defendants have withheld all promotions *and* special assignments from Plaintiffs.")

16   (emphasis added); ¶¶ 369, 370 (alleging three different discriminatory acts:  "(a) special

17   assignments; (b) promotion to management; and (c) compensation").

18   Plaintiffs' charges allege discriminatory, disparate treatment with respect to promotions to

19   management, but do not mention any discriminatory compensation practices or failure to place

20   them in special assignments.  For example, Briscoe's EEOC charge alleges "From 2009 until the

---

[14] Defendants reserve their rights to later challenge further deficiencies revealed by investigation and discovery.  *Robinson v. Geithner*, 359 Fed. Appx. 726, 729 n.1 (9th Cir. Cal. 2009) ("Discovery may reveal that the discriminatory conduct alleged in paragraphs 25, 38, 39, and 69 of the second amended complaint is different than the discriminatory conduct alleged in the respective administrative complaints, and the district court may find after a more developed record that it does not have jurisdiction over the allegations in one or more of those paragraphs.").

[15] In Plaintiff Roane's EEOC intake questionnaire, filed February 7, 2013, he submitted a list of applied-for positions dating back to 2007.  One of the listed positions is Interview Captain – Temporary Special Assignment (WHQ), for which he submitted an application in July 2007 – well before the start of Plaintiff Roane's claims period commencing February 2011.  Baldocchi Dec. Ex. R; RJN Ex. R; SAC ¶¶ 338, 348, 357, 386, 408.

[16] Defendants do not adopt completely Plaintiffs' characterization of these positions or admit that they are all true.  Defendants cite the allegations solely for this Motion, to establish Plaintiffs' correct acknowledgement that special assignments are distinct from management positions.

present, I have been passed over for promotion.  Respondent has also failed to post Management

positions."  Baldocchi Dec. Ex. A; RJN Ex. A.  Ecung's EEOC charge "Since 2009, I have been

passed over for promotions.  Management positions have been filled by less qualified non-

African American candidates."  *Id.* at Ex. C; RJN Ex. C.  Thus, this Court lacks jurisdiction to

adjudicate any alleged failure to place the Plaintiffs in special assignments or unlawful

compensation practices.

> **2.      Plaintiffs Failed To Exhaust Administrative Remedies For All Promotions Or Special Assignments That Allegedly Occurred After They Filed EEOC/DFEH Charges.**

Plaintiffs also failed to exhaust administrative remedies as to all promotions or placement

into special assignments that occurred *after* they filed their administrative charges.  *Jackson*, 643

F.3d at 1087 ("The continuing violation doctrine is not applicable to failure-to-promote claims,

which arise from discrete employment actions.").  Plaintiffs are barred by their filing dates from

seeking relief for all alleged non-promotion to management positions or non-placement into

special assignments which post-date their charges.  Defendants request that the Court dismiss all

claims based on acts that occurred after each Plaintiff's charges were filed.

> **3.      Plaintiffs' Claims Relating to Promotions Or Special Assignments That Allegedly Occurred Before The Limitations Period Covered By Their Respective EEOC/DFEH Charges Are Barred by the Statute of Limitations.**

Likewise, Plaintiffs are barred from challenging promotions or special assignments that

occurred before the limitations period covered by their EEOC/DFEH charges.  As discussed

above, Plaintiffs had 180 days to bring EEOC charges for Title VII violations (or 300 days, if

they brought a DFEH charge first) and one year to bring DFEH charges for their FEHA claims.

42 U.S.C. § 2000e–5(e)(1); Cal. Gov't Code § 12960(d).  Any claims based on incidents prior to

these limitation periods are not exhausted.  Thus, Defendants request that the Court dismiss with

prejudice all claims based on promotions or special assignments that occurred prior to the

limitations period applicable to each Plaintiff's respective charges.  Baldocchi Dec. Exs. A-W;

RJN Exs A-W.

B.   **Plaintiffs' Disparate Treatment Discrimination Claims Must Be Dismissed Because They Fail To Allege Sufficient Facts To State A Claim For Relief That Is Plausible On Its Face As Required By FRCP 8.**

Plaintiffs' disparate treatment discrimination claims under Title VII, FEHA, and Section 1981, advanced in the Third, Fourth and Fifth Claims for relief respectively, also fail to meet the pleading requirements of Rule 8.  In a disparate treatment case, it must be shown that intentional discrimination was the "determinative factor" in an adverse employment action suffered by each Plaintiff.  *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) ("[a] disparate treatment claim cannot succeed unless the employee's protected trait . . . had a determinative influence on the outcome.").  To establish a *prima facie* case of race discrimination in a failure-to-promote claim, a plaintiff must show that "(1) she is a member of a protected group; (2) she was qualified and applied for a promotion to an available position; (3) she was rejected; and (4) similarly situated employees, not part of the protected group, were promoted instead."  *Jackson*, 643 F.3d at 1086 (quoting *Shannon v. Ford Motor Co*, 72 F.3d 678, 682 (8th Cir. 1996)); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-55 (1981).  FEHA and section 1981 discriminatory promotion claims follow this standard.  *See Levy v. Regents of Univ. of Cal.,* 199 Cal. App. 3d 1334, 1343 (1988) (citing Title VII standard for discriminatory failure to promote claim as authority to "guide [the court] in [its] analysis of appellant's claims under . . . the FEHA"); *Schiff v. City and Cnty. of S.F.*, 816 F. Supp. 2d 798, 814 (N.D. Cal. 2011) (addressing failure to promote claim; "When analyzing claims of disparate treatment in employment under § 1981 . . . , a district court is guided by Title VII analysis.").  The Plaintiffs' discrimination claims are based on nothing more than general allegations, totally lacking in any Plaintiff-specific facts showing intentional discriminatory treatment which had a determinative influence on each Plaintiff's non-promotion to a particular position.  In the portion of the SAC presenting each Plaintiff's individual allegations, there are no specific facts showing he or she suffered intentional discrimination.  SAC ¶¶ 76-336.  Instead, the Plaintiffs merely conclude they were subjected to racial discrimination.  For example, Plaintiff Johnson lists five alleged management positions he applied for in SAC ¶ 84, but states nothing more than, "Plaintiff Johnson is informed and believes that he was passed over the five positions

1  he applied for in 2011 as a result of race discrimination and retaliation." The other Plaintiffs

2  plead in the same way. *E.g.*, SAC ¶¶ 87, 99, 112, 131, 153. Plaintiffs' discrimination allegations

3  are fatally vague. Moreover, 10 Plaintiffs – Ecung, Gadson, Haney, Haynie, Miller, Palmer,

4  Ricketts, Robinson, Sherman, and Washington – do not even allege a single position they applied

5  for but did not receive as a result of discrimination. Their claims must be dismissed for failure to

6  plead that they were qualified for and applied for a particular promotion to an available position.

7  In the Third Claim for Relief, each Plaintiff's name appears at the beginning of this claim,

8  in the paragraphs defining the time period and those discussing venue. SAC ¶¶ 357-367. Other

9  than that, the allegations in the Third Claim for relief are general – not Plaintiff-specific. It is

10  impossible to tell which of the 23 Plaintiffs experienced any alleged disparate treatment, when,

11  and what happened. Instead, the SAC alleges "Defendants also engage in intentional

12  discrimination against African-American Captains and African-American Operations Supervisors

13  relative to their non-African-American peers with respect to (a) special assignments; (b)

14  promotion to management; and (c) compensation through its system of subjective and arbitrary

15  decision-making, as demonstrated by anecdotal and statistical evidence." *See, e.g.*, SAC ¶ 370.

16  The Fourth and Fifth Claims for Relief likewise provide no specific facts related to each Plaintiff.

17  SAC ¶¶ 385-412. *E.g.*, SAC ¶ 405 ("Defendants have engaged in a pattern and practice of

18  intentional discrimination against Plaintiffs and the classes in promotions, assignments, and

19  compensation."). The SAC presents insufficient plaintiff-specific facts for disparate treatment.

20  As noted above, the list of positions in paragraphs 72, 73 and 74 cannot suffice. Plaintiffs

21  (except Montgomery) allege no facts that they have any connection whatsoever to the

22  "challenged" positions or that their non-selection was discriminatory. The SAC contains no facts

23  showing that they were qualified for the positions, that they were interested, considered, or

24  rejected, that other employees, not part of the Plaintiffs' protected group, were promoted instead,

25  or that discrimination had a determinative influence on Plaintiffs' failure to receive a promotion.

26  *See Ibarbia*, 191 Cal. App. 3d at 1327 (granting summary judgment in favor of employer because

27  plaintiff failed to complete application process); *Tagupa v. Bd. of Dirs.*, 633 F.2d 1309, 1312 (9th

28  Cir. 1980) (necessary element in the case is that "the plaintiff have applied for the job").

1    As the Supreme Court clearly stated, Rule 8 does not empower Plaintiff to plead the bare

2    elements of a cause of action, affix the label "general allegation," and expect the complaint to

3    survive a motion to dismiss.  *Iqbal*, 556 U.S. at 681 ("[B]are assertions . . . amount[ing] to

4    nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination

5    claim," for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of

6    truth.) (quoting *Twombly*, 550 U.S. at 555).  Plaintiffs' disparate treatment discrimination claims

7    offer nothing more than bare assertions.  This is not sufficient under Title VII, FEHA, or Section

8    1981, and they must be dismissed.

9    ## V.    PLAINTIFFS' RETALIATION CLAIMS (FIRST AND SECOND) FAIL AS A MATTER OF LAW

10

11   ### A.    Plaintiffs Lack Subject Matter Jurisdiction And Fail To State A Claim For Retaliation Claims Not Addressed In Their Administrative Charges, and Which Fall Outside the Limitations Period.

12

13   Just as Plaintiffs failed to exhaust administrative remedies with respect to their

14   discrimination claims, so too did they fail to exhaust their retaliation claims, for the same reasons.

15   *See* Baldocchi Dec. Exs. B, D, H-J, M-O, R, U, W, X; RJN Exs. B, D, H-J, M-O, R, U, W.  None

16   of the charges allege retaliatory compensation practices or even mention special assignments.  *Id*.

17   Plaintiffs failed to exhaust administrative remedies and/or are barred by the statute of limitations

18   for any alleged conduct that occurred before the relevant Title VII and FEHA limitations periods

19   began, and after the relevant charges were filed.  *Id*.  The Court lacks jurisdiction over the non-

20   exhausted and time-barred claims.

21   ### B.    Plaintiffs' Retaliation Claims Must Be Dismissed Because They Fail To Allege Sufficient Facts To State A Claim For Relief That Is Plausible On Its Face As Required By FRCP 8.

22

23   Plaintiffs' First and Second Claims for relief seek recovery for alleged retaliation for

24   engaging in protected activity under Title VII (42 U.S.C. § 2000e-3(a)) and FEHA (Cal. Gov.

25   Code § 12940(h)).  To establish a *prima facie* case of unlawful retaliation, each Plaintiff must

26   prove that:  (1) he or she engaged in some protected activity; (2) the employer subjected him or

27   her to some adverse employment action; and (3) there is a causal connection between the

28   protected activity and the adverse employment action.  *E.g.*, *Gonzalez v. Ingersoll Milling Mach.*

1    *Co.*, 133 F.3d 1025, 1035 (7th Cir. 1998); *King v. Town of Hanover*, 116 F.3d 965, 968 (1st Cir.

2    1997); *Little v. United Techs.*, 103 F.3d 956, 959 (11th Cir. 1997); *Grimes v. Texas Dep't of*

3    *Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996).  The FEHA standard is

4    substantially similar.  *See, e.g., Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467, 476 (1992);  *see*

5    *also Gen. Dynamics Corp. v. Superior Court*, 7 Cal. 4th 1164, 1191 (1994) ("The plaintiff . . .

6    bears the burden of establishing . . . that the employer's conduct was motivated by impermissible

7    considerations under a 'but for' standard of causation.").

8           Furthermore, in a retaliatory failure-to-promote case, each Plaintiff must show, among

9    other things, that he or she applied for and was qualified for an available position.  *Okwuosa v.*

10   *EDD*, 143 Fed. Appx. 20, 22 (9th Cir. 2005).  The absence of a claim tethered to a particular

11   position improperly encourages "the fact finder . . . to speculate as to the qualifications of the

12   competing candidates, the damages to be derived from the salary of unknown jobs, the

13   availability of alternative positions," and "the plaintiff's willingness to serve in them."

14   *Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir. 2004) (specific position is required to ensure

15   that "at the very least, the plaintiff employee alleges a particular adverse employment action, an

16   instance of alleged discrimination, by the employer") (quoting *Brown v. Coach Stores, Inc.*, 163

17   F.3d 706, 710 (2d Cir. 1998); internal quotation marks omitted); *Velez v. Janssen Ortho LLC*, 467

18   F.3d 802, 809 (1st Cir. 2006) (a rejected job applicant failed to establish a prima facie case of

19   retaliatory failure to hire; plaintiff did not show that she applied for a specific position; a letter

20   expressing general interest is not enough).

21          All of the 11 Plaintiffs suing for retaliation fail to plead facts sufficient to state a claim for

22   relief.  They each allege the same basic legal conclusions.  First, they allege they were members

23   of the "United Coalition," a group who purportedly engaged in protected activity in 2010 by

24   challenging United's promotions practices in filing EEOC charges.  *See, e.g.,* SAC ¶¶ 59-60, 340-

25   41.  Next, the Plaintiffs claiming retaliation (except Jones) each allege hearing or learning some

26   form of the following statement:  "a Senior Vice President of Flight Operations stated that 'No

27   one from the original United Coalition who filed EEOC complaints in 2010 will get promoted at

28   UAL.'" *E.g.,* SAC ¶ 110.  They conclude that they were passed over as a result of retaliation.

1    *Id.*; SAC ¶ 112.

2        This is not enough to satisfy Rule 8, *Iqbal* and *Twombly*.  Such a threadbare "challenge"

3    lacks facial plausibility.  *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the

4    framework of a complaint, they must be supported by factual allegations.").  The SAC contains

5    no facts showing any causal connection between the alleged protected activities and the alleged

6    rejection of the Plaintiffs' applications for promotion.  There are no facts showing any retaliatory

7    animus harbored by any individuals purportedly involved in each discreet failure to promote.  The

8    SAC does not identify the person who supposedly made the statement about the United Coalition,

9    the person or persons who purportedly heard this statement, or under what circumstances this was

10   allegedly said.  No facts show this person or statement had any connection to any position sought

11   by the Plaintiffs, or that the statement affected any alleged promotion decisions.

12       Likewise, the positions alleged in paragraphs 72, 73 and 74 of the SAC are insufficient to

13   satisfy the fundamental pleading standards of Rule 8, as explained in *Iqbal* and *Twombly*.

14   Plaintiffs (with the exception of Montgomery, who is mentioned with respect to two positions in

15   paragraph 74) allege no facts that they have any connection whatsoever to the "challenged"

16   positions or that their non-selection was retaliatory.  Plaintiffs do not allege that they were

17   interested, eligible, considered or rejected from these positions.[17]  Indeed, it is unclear whether

18   Plaintiffs even are claiming their non-selection for these purportedly handpicked jobs was

19   retaliatory.  Paragraphs 72-74 contain nothing more than a list of jobs without any mention of, or

20   connection to, the Plaintiffs' retaliation claims.

21       Gadson's retaliation claims fail for the additional reason that her only identified non-

22   promotion predates the relevant time period identified in the SAC (SAC ¶¶ 338, 348), and it

23   predates her alleged protected activity in June 2010.  SAC ¶¶ 59-60.

24       Like *Iqbal* and *Twombly*, the First and Second Claims for relief present nothing more than

25   unadorned, defendants-harmed-me accusations.  *See Iqbal*, 556 U.S. at 678 (Rule 8 "demands

26   more than an unadorned, the-defendant-unlawfully-harmed-me" accusation) (citing *Twombly*, 550

27   _____

28   [17] Montgomery alleges in paragraph 74 that he applied for area manager and shift manager, but provides no facts showing retaliation or discrimination with respect to these two positions.

1  U.S. at 555).  They must be dismissed.

2  ## VI.   PLAINTIFFS' FEHA CLAIMS MUST BE DISMISSED BECAUSE FEHA HAS NO EXTRATERRITORIAL APPLICATION

3

4        The FEHA claims of all Plaintiffs, except the five based at airports in California (Ecung,

5  Miller, Palmer, Hartsfield, Johnson), must be dismissed for failure to allege a sufficient nexus

6  with California.  FEHA has no extraterritorial application.  In order to state a claim under FEHA,

7  Plaintiffs must allege either employment at a California airport or specific unlawful conduct in

8  California.  The non-California Plaintiffs do not sufficiently allege either.[18]  In *Campbell v. Arco*

9  *Marine, Inc.*, 42 Cal. App. 4th 1850, 1858 (1996), the court held that an individual who resided in

10  Washington could not take advantage of the sexual harassment provisions of the FEHA for events

11  that occurred outside of California.  The court found that "[t]he relationship with California is

12  slight," *id.* at 1858, noting, *inter alia*, that the plaintiff's job duties were performed outside of

13  California, and the alleged harassment took place outside of California.  The court concluded that

14  the FEHA did not apply.  *Id.* at 1859.  *See also id.* at 1852 ("We hold that the [FEHA] was not

15  intended to apply to nonresidents where, as here, the tortious conduct took place out of this state's

16  territorial boundaries.").[19]

17        Second, Plaintiffs' conclusory allegations that they "challenge" the California positions

18  described in paragraphs 72 and 73 lacks "sufficient factual matter" to state a FEHA claim "that is

19  plausible on its face."  *Iqbal*, 556 U.S. at 678; *see, e.g.,* SAC ¶ 237.  *See also Gonsalves v. Infosys*

20  *Techs., LTD*, 2010 WL 1854146, at *6 (N.D. Cal. May 6, 2010) ("Plaintiff, as a non-resident,

21  may not pursue claims under FEHA without averring a factual nexus between [the employer's]

22  [18] Defendants do not concede that California residence or mere application for a job in California suffices to bring a FEHA claim, and reserves all defenses with respect to any such claim.  *See Clopton v. Global Computer Assocs.*, 1995 WL 419831, at *3 (C.D. Cal. Mar. 27, 1995) (granting summary judgment to defendant on, among other things, FEHA claims of California resident working in Texas:  "Although this Court is mindful of the California Supreme Court's statement that FEHA should be construed liberally, nothing in the *Robinson* decision [regarding FEHA's 5-employee minimum] or the statue's legislative history indicates that FEHA is intended to provide a remedy to a California resident, working out of state, who is both hired and terminated by an out of state corporation.").

26  [19] *See also Marks v. Am. Airlines, Inc.*, 313 Fed. Appx. 933, 934 (9th Cir. 2009) (citing *Campbell* and granting summary judgment on the FEHA claim of an airline employee who avoided California income tax liability by claiming Florida residence, finding that he was judicially estopped from asserting California residence for purposes of the FEHA claim, which was based primarily on events in Texas).

1  California-based activities and the alleged discriminatory conduct.").

2      It also is insufficient for Plaintiffs to allege facts such as the following: "[t]hroughout her

3  career, [she] has worked in the Northwest Region."  *See, e.g.,* SAC ¶ 232.  In *Gonsalves*, 2010

4  WL 1854146, at *1-2, this Court granted the motion to dismiss of an India employer with

5  California offices, with respect to the FEHA claims of an employee who lived in Ohio and

6  Florida, finding that "he was required to plead at a minimum that he was either employed in

7  California or that the discriminatory conduct occurred in California" and "did not do so."  *Id.* at

8  *5.  The Court rejected the employee's inadequate efforts to establish employment in California:

9
10
11
12
> Plaintiff has cited no legal precedent to justify extending FEHA's jurisdictional reach to individuals who make business trips to and manage clients in California. To interpret FEHA as covering all employees who perform some job duties or manage some clients in California, even when no connection exists between the California activities and the discrimination at issue, would clearly implicate the federal constitutional concerns that animated *Campbell*'s limitations on FEHA's extraterritorial reach.

13  *Id.*.  Finally, it is insufficient for Plaintiffs to contend that they traveled to California.  As

14  *Campbell* makes clear, it is the alleged unlawful conduct that must occur in California.  *See*

15  *Campbell*, 42 Cal. App. 4th at 1858.

16  **VII.   UNITED CONTINENTAL HOLDINGS, INC. MUST BE DISMISSED**

17      **A.   Plaintiffs Failed To Exhaust Administrative Remedies With Respect To UCH.**

18      Plaintiffs have failed to exhaust their administrative remedies with respect to UCH.

19  Plaintiffs' administrative charges did not name UCH as the entity who allegedly discriminated

20  against them.  Baldocchi Dec. Exs. A-W; RJN Exs. A-W.  Because Plaintiffs did not exhaust

21  administrative remedies against UCH, this defendant must be dismissed, with prejudice.

22  *Robinson*, 359 Fed. Appx. at 730.[20]

23      **B.   Plaintiffs' UCH Claims Must Be Dismissed Pursuant To Rule 12(b)(6).**

24      Plaintiffs' employment claims may only be asserted against their *employer*.  Otherwise,

25  they must be dismissed.  *See Iqbal*, 556 U.S. at 678 (claim has facial plausibility when plaintiff

26  pleads facts allowing reasonable inference defendant is liable).  Plaintiffs cannot assert their Title

27
28
---
[20] Defendants also reserve their rights to the extent Plaintiffs did not exhaust administrative remedies against Continental.

1   VII, Section 1981, or FEHA employment claims against UCH, a corporate entity that does not

2   employ them in any capacity, and never has.  *See* 42 U.S.C. § 2000e-2 ("It is an unlawful

3   employment practice for an *employer* . . . to discriminate against any individual with respect to

4   his compensation, terms, conditions, or privileges of employment, because of such individual's

5   race, color, religion, sex, or national origin . . . .") (emphasis added); *McAdoo v. Toll*, 591 F.

6   Supp. 1399, 1405 (D. Md. 1984) (holding three individual defendants, "were not the employers of

7   those responsible for the denial of the plaintiff's application," and that "[a]ccordingly, their

8   motion to dismiss all claims against them under § 1981 will be granted."); Cal. Gov't Code §

9   12940(a) ("It shall be an unlawful employment practice . . .[f]or an *employer* . . . to discriminate

10  against the person in compensation or in terms, conditions, or privileges of employment.")

11  (emphasis added); *Fisher v. San Pedro Peninsula Hosp*., 214 Cal. App. 3d 590, 615-16 (1989)

12  (employee could not pursue FEHA complaint non-employer).  Boilerplate allegations regarding

13  UCH do not establish either direct employment or even indirect control, and do not salvage their

14  claims against it.  The SAC contends, among other things, that UCH, United, and Continental

15  "share common management," "share common control of labor relations," and "exercise

16  substantial control over the time, manner, and place of performance of [Plaintiff's] work."  SAC

17  ¶¶ 33, 35, 37.  The contentions are nothing more than legal conclusions disguised as facts,

18  insufficient to state a claim.  *Iqbal*, 556 U.S. at 681.

19  **VIII.**   **CONCLUSION**

20          For all of the foregoing reasons, Defendants respectfully urge that the Court grant this

21  motion to dismiss, with prejudice.

22  DATED:  February 15, 2013              PAUL HASTINGS LLP

23                                         By: _____/s/ DONNA M. MELBY_____
                                                         DONNA M. MELBY
24
                                           Attorneys for Defendants
25                                         UNITED AIRLINES, INC.; UNITED
                                           CONTINENTAL HOLDINGS, INC.; AND
26                                         CONTINENTAL AIRLINES, INC.

27

28