IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDRIDGE JOHNSON, et al., | No. C-12-2730 MMC |
| Plaintiffs, | **ORDER DENYING PLAINTIFF CROCKER, ET AL.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; GRANTING PLAINTIFF JOHNSON'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| UNITED CONTINENTAL HOLDINGS, INC., et al., | |
| Defendants. | |

Before the Court are two motions for reconsideration, each filed May 7, 2013: (1) "Plaintiffs Crocker, Gadson, John, Johnson, Montgomery, Noble, Roane, Tom, and Haynie's Motion for Leave to File a Motion for Reconsideration of the Court's April 24, 2013 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss"; and (2) "Plaintiff Eldridge Johnson's Motion for Leave to File a Motion for Reconsideration of the Court's April 24, 2013 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss." Defendants, although not required to do so, see Civil L.R. 7-9(d) (providing "no response need be filed" to motion for leave to file motion for reconsideration unless ordered to do so by district court), have filed opposition to each motion.[1] Having read and

---

[1] In their opposition to the first of the above-referenced motions, defendants request the Court conduct a status conference to address how they should respond to plaintiffs' proposed motion for reconsideration, stating any such response would require discussion of assertedly confidential material. The manner in which a party must submit confidential matter is addressed in the Civil Local Rules of this district. See Civil L.R. 79-5. In any event, defendants' request for a status conference is moot in light of the Court's ruling, infra, on said motion.

considered the parties' respective written submissions,[2] the Court rules as follows.

**A. "Plaintiffs Crocker, Gadson, John, Johnson, Montgomery, Noble, Roane, Tom, and Haynie's Motion for Leave to File a Motion for Reconsideration"**[3]

In its order of April 24, 2013, the Court found plaintiffs Sal Crocker, Annette Gadson, Richard John, Eldridge Johnson, Johnnie E. Jones, Jr., Ken Montgomery, Paul C. Noble and Glen Roane had failed to exhaust either their federal or state administrative remedies with respect to their disparate impact claims, and that plaintiffs Lester Tom and Darryl Wilson had failed to exhaust their state administrative remedies with respect to their disparate impact claims; all said disparate impact claims were dismissed without leave to amend.

By the instant motion, the above-referenced plaintiffs argue they are entitled to reconsideration for the reason that, due to a confidentiality provision in a settlement they signed prior to the dates on which they submitted their respective administrative charges, they could not allege in those administrative charges a claim for disparate impact; the moving plaintiffs further argue defendants had knowledge of the basis of their claims for disparate impact prior to the dates on which they submitted their respective administrative charges.

Civil Local Rule 7-9(b) provides that a party seeking leave to file a motion for reconsideration must show (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material facts or a

---

[2] Defendants failed to provide the Court with a chambers copy of their oppositions. Nonetheless, the Court has considered those filings. For future reference, defendants are reminded that, pursuant to Civil Local Rule 5-1(e)(7) and the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

[3] Although the title of the motion for leave to file a motion for reconsideration does not indicate it is brought on behalf of plaintiff Johnnie E. Jones, the Court construes the motion has having been brought on behalf of said plaintiff as well as the other nine plaintiffs identified in the title of the motion.

2

change in law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." See Civil L. R. 7-9(b).

The instant motion fails on both procedural and substantive grounds. First, plaintiffs' arguments meet none of the requirements of Civil Local Rule 7-9(b); all of the factual assertions made in support thereof were known to plaintiffs at the time they filed their opposition to defendants' motion to dismiss, and plaintiffs made no argument based thereon before entry of the Court's order resolving said motion. Second, plaintiffs offer no authority to support the proposition that a claim not presented to an administrative agency is deemed exhausted as long as the employee in some manner previously made the employer aware of the claim, and any such ruling would appear contrary to the purposes of the exhaustion requirement. See Ong v. Cleland, 642 F.2d 316, 320 (9th Cir. 1981) (holding "failure to raise an issue administratively subverts the procedures and policies of Title VII," and, in particular, affording the agency "the opportunity to consider [the] issue before initiation of [a court action]"); Wills v. Superior Court, 195 Cal. App. 4th 143, 156-57 (2011) (holding "purpose of FEHA's administrative exhaustion requirement is to ensure DFEH is provided the opportunity to resolve disputes and eliminate unlawful business practices through conciliation").

Accordingly, the above-referenced motion for leave to file a motion for reconsideration is hereby DENIED.

**B. Plaintiff Johnson's Motion**

In its order of April 24, 2013, the Court found plaintiff Eldridge Johnson ("Johnson") had failed to exhaust his state administrative remedies and, consequently, dismissed without leave to amend each claim brought under the Fair Employment and Housing Act ("FEHA") to the extent it was alleged on behalf of Johnson. Johnson seeks leave to file a motion for reconsideration, for the stated reason that he did in fact exhaust his state administrative remedies with the Department of Fair Employment and Housing ("DFEH").

In support of their motion to dismiss Johnson's FEHA claims, defendants submitted

3

a "certification" from the DFEH's "Custodian of Record," who stated the DFEH had no record of an administrative charge having been filed by an "Eldridge Johnson" during the year 2012. (See Baldocchi Decl., filed February 15, 2013, last page of Ex. I). In their opposition to said motion to dismiss, plaintiffs made no argument countering defendants' showing, let alone any factual assertion that Johnson had, in fact, exhausted his state administrative remedies. Instead, in support of the instant motion, Johnson now submits a copy of an administrative charge he states he submitted to the DFEH on March 14, 2012, using the name "Johnson Jr., Eldridge," as well as a right-to-sue notice issued by the DFEH on March 14, 2012, addressed to "Johnson Jr., Eldridge." (See Johnson Decl., filed May 7, 2013, ¶ 2, Exs. A, B.) Johnson makes no showing, nor could he, that the information now offered was not available at the time plaintiffs filed their opposition to defendants' motion to dismiss.

The Court notes, however, that plaintiffs, on the same date they filed their opposition to defendants' motion to dismiss, filed over one hundred pages of documents, which filing included a declaration signed by Johnson wherein he stated that "[i]n April 2012, [he] filed [his] DFEH discrimination complaint against United Airlines because [he] was passed over for promotions in California that [he] was qualified for." (See Johnson Decl., filed March 1, 2013, ¶ 16.)[4] Although neither the declaration nor any statement contained therein was called to the Court's attention for such purpose in plaintiffs' opposition, see Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001) (holding "district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found"), and, further, although the declaration did not state Johnson had received a right-to-sue notice, a prerequisite to filing

---

[4] Said declaration consists of four pages comprising nineteen paragraphs, none of which, with the exception of the sixteenth, have any bearing on any issue raised in defendants' motion to dismiss. Also, as defendants correctly point out, said declaration incorrectly states the month in which Johnson submitted his administrative charge to the DFEH.

4

a lawsuit under FEHA, see Morgan v. Regents of the Univ. of California, 88 Cal. App. 4th 52, 63 (2000) (holding plaintiff "must obtain from the [DFEH] a notice of right to sue in order to be entitled to file a civil action in court based on violations of FEHA"), the Court nonetheless will grant Johnson's motion.

Lastly, because both the instant motion and defendants' opposition thereto address the merits of Johnson's proposed motion for reconsideration, the Court construes Johnson's motion for leave to file a motion for reconsideration as his motion for reconsideration and defendants' opposition as their opposition to such motion for reconsideration. In granting reconsideration, however, the Court observes that while Johnson's administrative charge filed with the DFEH includes claims of intentional discrimination, based on his race and in retaliation for prior protected activity, the charge includes no reference to any claim that could be understood as challenging a facially neutral policy that has a disparate impact on a protected group. (See Johnson Decl., filed May 7, 2013, Ex. A.) Consequently, for the reasons stated in the Court's order of April 24, 2013 (see Order at 19:26 - 21:25), the Court finds Johnson did not exhaust his state administrative remedies with respect to a disparate impact claim, and, as set forth below, leave to amend will be limited to those claims for which it appears Johnson has exhausted his state administrative remedies.

Accordingly, Johnson's motion for leave to file a motion for reconsideration, construed as a motion for reconsideration, is hereby GRANTED, and plaintiffs are hereby afforded leave to allege FEHA claims on behalf of Johnson, with the exception of claims based on disparate impact.

**IT IS SO ORDERED.**

Dated: May 22, 2013

MAXINE M. CHESNEY
United States District Judge

5