SMITH PATTEN
SPENCER SMITH (SBN: 236587)
DOW W. PATTEN (SBN:135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiffs
ELDRIDGE JOHNSON, MARIO ECUNG, LEON MILLER, XAVIER PALMER, KENNETH MONTGOMERY, ANNETTE GADSON, PAUL C. NOBLE, JOHNNIE E. JONES, Jr., FREDERICK ROBINSON, GLEN ROANE, DAVID RICKETTS, LESTER TOM, TERRY HAYNIE, SAL CROCKER, ANTHONY MANSWELL, KARL MINTER, ERWIN WASHINGTON, DARRYL WILSON, LEO SHERMAN, KEN HANEY, RICHARD JOHN, ODIE BRISCOE, and TERENCE HARTSFIELD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDRIDGE JOHNSON, MARIO ECUNG, LEON MILLER, XAVIER PALMER, KENNETH MONTGOMERY, ANNETTE GADSON, PAUL C. NOBLE, JOHNNIE E. JONES, Jr., FREDERICK ROBINSON, GLEN ROANE, DAVID RICKETTS, LESTER TOM, TERRY HAYNIE, SAL CROCKER, ANTHONY MANSWELL, KARL MINTER, ERWIN WASHINGTON, DARRYL WILSON, LEO SHERMAN, KEN HANEY, RICHARD JOHN, ODIE BRISCOE, and TERENCE HARTSFIELD<br><br>Plaintiffs,<br><br>v.<br><br>UNITED CONTINENTAL HOLDINGS, INC.; UNITED AIR LINES, INC.; CONTINENTAL AIRLINES, INC.; and DOES 1-10<br><br>Defendants. | Case No. 4:12-CV-02730-MMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' THIRD AMENDED COMPLAINT, AND TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Maxine M. Chesney<br><br>Complaint Filed: May 29, 2012<br>FAC Filed:        July 20, 2012<br>SAC Filed:        November 30, 2012<br>TAC Filed:        May 20, 2013 |

Plaintiffs, through their counsel of record herein, hereby submit the following Opposition to Defendant United Continental Holdings, Inc., United Air Lines, and Continental Airlines

1

(hereinafter "United" or "Defendants")'s Motion to Extend Time to Respond to Plaintiffs' Third Amendment Complaint, and to Continue Case Management Conference.

## I.    INTRODUCTION

Plaintiffs filed the Complaint in the instant action on May 29, 2012. (DKT 1)  The Initial Case Management Conference was scheduled for September 5, 2012. (DKT 7) Since that date the Initial Case Management Conference has been continued on four occasions. (DKT 14, 34, 38, 60)  The Defendants are now again requesting a fifth continuance of the Initial Case Management Conference in an effort to avoid the parties attending a CMC prior to the disposition of Defendant's anticipated Motion to Dismiss and Motion to Strike.

However, the Court and the parties would benefit from an Initial Case Management and discovery proceeding at this time because it is clear that there is a substantial dispute regarding how United illegally discriminates against African Americans in management positions. "'[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (*quoting Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1996)).   Furthermore, a number of sudden resignations in upper level management positions are putting at risk Plaintiffs' ability to preserve evidence.

Defendants also request an extension of time to file responsive motions to Plaintiffs' Third Amended Complaint. Initially, this motion is procedurally defective because the motion must be made pursuant to Local Rule 6-3 (Motion to Change Time) and Defendants failed to move pursuant to Local Rule 6-3.  The motion also fails substantively because Local Rule 6-3(a)(1) requires that Defendants "[s]et forth with particularity, the reasons for requested enlargements or shortening of time." As explained in further detail below, they have failed to do so. Local Rule also 6-3(a)(3) requires that Defendants identify "the substantial harm or prejudice that would occur if the Court did not change the time."  As explained in further detail below, they have failed to do so.

## II. THE INTITIAL CASE MANAGEMENT CONFERENCE SHOULD NOT BE CONTINUED BECAUSE THE COURT AND THE PARTIES WOULD BENEFIT FROM DISCOVERY AT THIS STAGE OF THE LITIGATION

This matter, nearly a year old now, will benefit from the Rule 26(f) meeting process and Case Management Conference. The process will provide the court with more information concerning the parties' views on the timing, scheduling, and conduct of discovery in this matter, regardless of the number of parties or claims in this matter.

The conduct of a CMC will apprise the court of additional information concerning the substance of the dispute between the parties and the parties' respective positions concerning the facts and legal issues presented by the case. In short, the Rule 26(f) meeting, the Joint Case Management Statement, and the Case Management Conference will give both parties and the Court greater understanding of the matters in dispute and the mechanics of the litigation.

To the extent this court wishes to consider staying all discovery in this case per Defendants' request, the following factors, which each weigh in support of permitting discovery to proceed, should be considered: (1) the plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *2.

First, the Plaintiffs' interest in proceeding in with the scheduling time is clear: this case has been before this court for almost a year now, and no discovery has yet occurred.   Plaintiffs have sought injunctive relief in this matter and with each successive continuance, the injunctive relief prayed for in the Complaint to remedy the decades-long discrimination in promotional practices at Defendants goes unaddressed.   The ongoing changes resulting from the United/Continental merger, including a number of sudden resignations in upper level management in flight operations is impairing Plaintiffs' ability to preserve testimony.   In accordance with Defendants' chronicled *modus operandi*, should this court grant the motion to extend time and continue the CMC, the parties and this court will likely be debating yet another request to delay this case in short order.

Second, the burden on Defendants is nothing more than the ordinary application of the FRCP and the Local Rules to federal litigants. As explained above, Defendants' motion to extend —the filing due date for their intended motions from June 6, 2013, to June 27, 2013—is supported by nothing more than projected strength of their intended motion and recitation of the TAC's length.   Defendants attempt to articulate burden by reciting the number of pages and paragraphs (96 pages and 640 paragraphs); yet, Defendants criticize the complaint for its alleged "continued inclusion of claims that were dismissed with prejudice." (DKT 70, p. 3) Clearly, Defendants are familiar with the TAC, and recognize that the TAC is not 96 pages of new legal theories and factual allegations. Indeed, much of the TAC remains the same from SAC, as should be expected from a pleading which adds no new claims or new parties. Any notion that Defendants would be unduly burdened by having to comply with the Fed. R. Civ. P. 15(a)(3) for filing a response to the TAC after years of familiarity with these facts is fanciful.  Similarly, with regard to continuing the CMC date, the "burden" on Defendants is minimal.   The Court can easily address any valid considerations at the CMC on June 28, 2013.

Third, continuing with this case as scheduled is most convenient for the Court. Entertaining repeated motions for new filing dates and CMC times only compounds the administrative burdens of this matter.   Additional delays in this case can easily and should surely be avoided. Lastly, the four and fifth factors weigh in Plaintiffs' favor as the Plaintiffs' pursuit of remedies to invidious discrimination is a matter of public concern.

### III.   DEFENDANTS' MOTION FOR EXTENSION OF TIME IS PROCEDURALLY DEFECTIVE

As noted above, Defendants filed their motion and pursuant to Local Rule 7-11. While this was proper with respect to the Motion to Continue Case Management Conference, it was procedurally defective with respect to their Motion to Extend Time to Respond to Plaintiffs' Third Amended Complaint. The latter request should have been made pursuant to Local Rule 6-3.  Accordingly, the motion to extend time to respond to the TAC is improper, procedurally defective, and should not be considered by the Court.

### IV. DEFENDANTS' MOTION FOR EXTENSION OF TIME SHOULD BE DENIED BECAUSE DEFENDANTS FAILED TO ARTICULATE WITH PARTICULARITY THE REASONS FOR THE REQUESTED ENLARGEMENT

Defendants fail to address why they should be entitled to have the response date to the TAC continued from June 6, 2013, to June 27, 2013. Rather than articulate any facts or reasons for an enlargement of time, Defendants merely state why they feel the intended motions will be strong and how proceeding into planning for the litigation and making disclosures would be would supposedly result in more work, confuse the issues, and create prejudice.  None of the foregoing addresses *why* Defendants should be entitled to have their response extended three additional weeks for a total of 36 days.

Second, Defendants attempt to state good cause for their intended Motion to Strike. Once again, whether there is good cause or not is immaterial as to whether an extension should be granted for the filing date of that motion. Moreover, as this court explained in previous ruling on Defendants' Motion to Strike, "any argument that a claim is insufficiently pleaded pursuant to Rule 12(b)(6), not Rule 12(f). *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971, 974-75 (9th Cir. 2010).

### V. DEFENDANTS' MOTION FOR EXTENSION OF TIME SHOULD BE DENIED BECAUSE DEFENDANTS FAILED TO ARTICULATE SUBSTANTIAL HARM OR PREJUDICE

As set forth above, Defendants have made no attempt to set forth facts even suggesting that substantial harm or prejudice would result if Defendants are required to follow Fed. R. Civ. P. 15(a)(3).  Indeed, Defendants have done nothing more than (a) recite the number pages and paragraphs of the TAC, and (b) assert a claim that the strength of their intended motions should exempt Defendants from the rules applicable to other federal litigants.  This is not a showing of prejudice nor a showing of substantial harm.  The Court must therefore deny the present motion as failing to meet the standards set forth in Local Rule 6-3.

Respectfully submitted this 28th day of May 2013.

        SMITH PATTEN

        */s/ Spencer F. Smith*
        SPENCER F. SMITH
        Attorneys for Plaintiffs