UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELDRIDGE JOHNSON,
Plaintiff,

v.

UNITED AIRLINES, INC., et al.,
Defendants.

AND COORDINATED CASES:

Miller, Leon v. United Airlines, Inc. et al.
3:15-cv-00457 VC

Palmer, Xavier v. United Airlines, Inc. et al.
3:15-cv-00458 VC

Noble, Paul C. v. United Airlines, Inc. et al.
3:15-cv-00461 VC

Jones Jr., Johnnie E. v. United Airlines, Inc.
et al. 3:15-cv-00462 VC

Roane, Glen v. United Airlines, Inc. et al.
3:15-cv-00464 VC

Ricketts, David v. United Airlines, Inc. et al.
3:15-cv-00465 VC

Crocker, Sal v. United Airlines, Inc. et al.
3:15-cv-00468 VC

Manswell, Anthony v. United Airlines, Inc.
et al. 3:15-cv-00469 VC

Washington, Erwin v. United Airlines, Inc.
et al. 4:15-cv-00471 VC

Case No.  12-cv-02730-VC

**ORDER TO SHOW CAUSE**

| |
|---|
| Wilson, Darryl v. United Airlines, Inc. et al. 3:15-cv-00472 VC |
| Sherman, Leo v. United Airlines, Inc. et al. 3:15-cv-00473 VC |
| Haney, Ken v. United Airlines, Inc. et al. 3:15-cv-00474 VC |
| John, Richard v. United Airlines, Inc. et al. 3:15-cv-00475 VC |
| Briscoe, Odie v. United Airlines, Inc. et al. 3:15-cv-00476 VC |
| Hartsfield, Terrence v. United Airlines, Inc. et al. 3:15-cv-00477 VC |

The plaintiffs' attorneys in these sixteen coordinated cases, Brian R. Mildenberg and Connor J. Corcoran, have repeatedly failed to comply with this Court's orders and the Civil Local Rules. Mildenberg and Corcoran are therefore each ordered to show cause why sanctions should not be imposed against them under 28 U.S.C. § 1927 and/or the Court's inherent authority. Their responses, each not to exceed 7 pages, are due Friday, May 27, 2016. Specifically, their responses must address the following issues:

1. The Court ordered the parties' counsel to file their proposed ranking of cases for purposes of case scheduling by no later than April 8, 2016. Mildenberg emailed his proposed ranking to the Court's Courtroom Deputy, but did not file his proposed ranking until May 18, 2016, despite the Courtroom Deputy reminding Mildenberg that he was required to do so.

2. This Court's Standing Order for Civil Cases provides that "[a]ny request for an extension of a filing deadline (other than an extension that the rules allow the parties to arrange between themselves without a court order) must be filed no later than 72 hours prior to the deadline." Yet Mildenberg twice filed untimely

requests for extensions of the already-extended filing deadline for the plaintiffs' opposition to the defendants' combined Motions to Dismiss and anti-SLAPP Motions to Strike.

3. This Court's Standing Order for Civil Cases also provides that, "[u]nless expressly permitted by the Court, briefs in support of and in opposition to all substantive motions (except for summary judgment motions, class certification motions, and motions in patent cases, as discussed below) may not exceed 15 pages." Moreover, a motion to increase the page limit "must be filed no later than 72 hours before the brief is due." The Court ordered that the plaintiffs' briefs in opposition to the defendants' combined Motions to Dismiss and anti-SLAPP Motions to Strike were not to exceed 25 pages. Yet without timely seeking leave to increase the applicable page limit, despite having made the requests for extension described above, Mildenberg and Corcoran filed a brief relating to seven of these coordinated cases that was 34 pages long. Mildenberg and Corcoran also failed to e-file the briefs in opposition on the dockets of all of the cases to which they intended the briefs to relate.

4. The plaintiff's brief in opposition to the defendants' Motion to Dismiss or Transfer Venue in *Haney v. United Airlines, Inc. et al.*, No. 15-cv-00474-VC was not to exceed 15 pages, yet Mildenberg filed a brief in opposition that was 16 pages long. And the exhibits and declaration in support of the brief in opposition were filed late, after the already-extended deadline had passed.

5. The plaintiffs' briefs in opposition to the combined Motions to Dismiss and anti-SLAPP Motions to Strike and the Motion to Dismiss or Transfer Venue failed to include tables of contents and tables of authorities, as well as otherwise to conform to the Civil Local Rules relating to the form of papers presented to the Court. *See* Civil. L. R. 3-4, 7-4.

6. According to the defendants, Mildenberg and Corcoran have also repeatedly

failed to follow the Court's scheduling order for the preparation of case management statements in these coordinated cases.

7. Mildenberg and Corcoran have also failed to follow the Civil Local Rules regarding *pro hac vice* appearance.  *See* Civ. L.R. 11-3.  Corcoran has so far only moved for leave to appear *pro hac vice* in four of these coordinated cases (*Johnson v. United Airlines, Inc. et al.*, No. 12-cv-02730-VC; *Roane v. United Airlines, Inc. et al.*, No. 15-cv-00464-VC; *Manswell v. United Airlines, Inc. et al.*, No. 15-cv-00469-VC; *Briscoe v. United Airlines, Inc. et al.*, No. 15-cv-00476-VC), although his name appears on all of the plaintiffs' briefs in opposition to the combined Motions to Dismiss and anti-SLAPP Motions to Strike.  Similarly, Mildenberg has moved for leave to appear *pro hac vice* in only fourteen of these sixteen cases, and has not moved to appear *pro hac vice* in *Briscoe v. United Airlines, Inc. et al.*, No. 15-cv-00476-VC, or *Manswell v. United Airlines, Inc. et al.*, No. 15-cv-00469-VC, despite that Mildenberg has represented to the Court that he represents all sixteen of these plaintiffs.  The Court has previously ordered Mildenberg and Corcoran to file the required motions for leave to appear *pro hac vice* and pay the associated admission fees under the Local Rules for all clients they seek to represent.

**IT IS SO ORDERED.**

Dated: May 20, 2016

_____
VINCE CHHABRIA
United States District Judge