1   BRIAN R. MILDENBERG, ESQUIRE (PA BAR ID. 84861) *(pro hac vice)*
brian@mildenberglaw.com
MILDENBERG LAW FIRM, PC
1735 Market Street, Suite 3750
Philadelphia, PA 19103
Tel: (215) 545-4870
Fax: (215) 545-4871
Counsel for Plaintiffs
ELDRIDGE JOHNSON, LEON MILLER, XAVIER PALMER, PAUL C. NOBLE, JOHNNIE E. JONES, JR., GLEN ROANE, DAVID RICKETTS, SAL CROCKER, ANTHONY MANSWELL, ERWIN WASHINGTON, DARRYL WILSON, LEO SHERMAN, KEN HANEY, RICHARD JOHN, ODIE BRISCOE, and TERRENCE HARTSFIELD

Local Counsel:
Richard J. Idell, Esquire (Bar No. 69033)
THE IDELL FIRM, PC
495 California Street, Suite 500
San Francisco, CA 94104
Tel: (415) 986-2400

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDRIDGE JOHNSON,<br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br>Defendants.<br><br>AND COORDINATED CASES:<br><br>Miller, Leon v. United Airlines, Inc. et al.<br>3:15-cv-00457 VC<br><br>Palmer, Xavier v. United Airlines, Inc. et al.<br>3:15-cv-00458 VC<br><br>Noble, Paul C. v. United Airlines, Inc. et al.<br>3:15-cv-00461 VC<br><br>Jones Jr., Johnnie E. v. United Airlines, Inc. et al. 3:15-cv-00462 VC | Case No. 12-cv-02730-VC<br><br><br><br>RESPONSE OF<br>BRIAN R. MILDENBERG<br>TO ORDER TO SHOW CAUSE |

Roane, Glen v. United Airlines, Inc. et al. 3:15-cv-00464 VC

Ricketts, David v. United Airlines, Inc. et al. 3:15-cv-00465 VC

Crocker, Sal v. United Airlines, Inc. et al. 3:15-cv-00468 VC

Manswell, Anthony v. United Airlines, Inc. et al. 3:15-cv-00469 VC

Washington, Erwin v. United Airlines, Inc. et al. 4:15-cv-00471 VC

Wilson, Darryl v. United Airlines, Inc. et al. 3:15-cv-00472 VC

Sherman, Leo v. United Airlines, Inc. et al. 3:15-cv-00473 VC

Haney, Ken v. United Airlines, Inc. et al. 3:15-cv-00474 VC

John, Richard v. United Airlines, Inc. et al. 3:15-cv-00475 VC

Briscoe, Odie v. United Airlines, Inc. et al. 3:15-cv-00476 VC

Hartsfield, Terrence v. United Airlines, Inc. et al. 3:15-cv-00477 VC

## RESPONSE OF BRIAN R. MILDENBERG TO ORDER TO SHOW CAUSE

Undersigned counsel ("counsel") for the Plaintiffs, Brian R. Mildenberg, hereby respectfully submits this Response to this Honorable Court's Order to Show Cause of May 20, 2016.

## GENERAL RESPONSE

Counsel admits that each of the issues noted in the Order to Show Cause occurred as stated by this Honorable Court. Counsel respectfully and humbly apologizes to the Court for these issues. However, counsel respectfully submits that the issues noted were not the result of bad faith or improper intention on the part of counsel, and requests this Honorable Court to consider the difficulties under which counsel has labored, as explained herein, in consideration of the question whether or not to sanction counsel.

In August, 2015, counsel was contacted by several Plaintiffs in the related actions to assume their representation from prior counsel. Counsel retained J. Conor Corcoran, Esquire, to assist as co-counsel with the intention to efficiently share the tasks and workload in these related cases.

Unfortunately, beginning in January 2016, and proceeding into April 2016, Mr. Corcoran suffered a series of family and personal health setbacks, including his hospitalization on two (2) separate occasions, and illness prior thereto. Undersigned counsel was left to shoulder the entire burden of the ongoing litigation projects and responsibilities during this timeframe. During this time period, counsel was responsible for all tasks including production of thousands of documents and responses to extensive document requests, responding to meet and confer letters concerning discovery that were already overdue at the time of counsel's retention, the amendment of pleadings, research and drafting of responses to Defendants' motions, traveling for the Case Management Conferences, investigation of facts, and communications with the 16 clients. All of

these tasks were originally to be shared with co-counsel, whose ability to participate was impacted by his illness which, thankfully, has now resolved.

Counsel is not complaining, but advising this Honorable Court that counsel worked night and day during this time to complete the prescribed tasks under these circumstances. It is true that at times, procedural requirements as to the form of briefs, requests for extension, page limitations, and the other administrative issues noted in the Order to Show Cause were overlooked. As an attorney, counsel takes full responsibility for any violation of the Local Rules or this Honorable Court's Orders. Counsel is at the Court's mercy and requests the Court to consider counsel's good faith efforts, the pressing deadlines and multitude of tasks involved in this extremely complex litigation involving 16 cases, counsel's efforts to date in righting the cases from their precarious condition at the time counsel took on responsibility for the related matters, and the additional hardship and time pressures occasioned by co-counsel's unavailability.

**SPECIFIC RESPONSES TO THE COURT'S ENUMERATED ISSUES**

1. It is true that counsel emailed the proposed ranking to this Honorable Court's Chambers on April 8, 2016, and did not file the proposed ranking of cases on the docket until May 18, 2016. The Court instructed the parties at the April Case Management Conference ("CMC") to provide the proposed ranking by April 8, 2016. Counsel prepared the list the next day and timely provided it to Chambers by email. It is true that this Honorable Court's Courtroom Deputy advised counsel on April 8, after counsel emailed the list, that it should be e-filed. It is further true that the task of filing the list on all sixteen dockets was not completed until May 18, 2016. Counsel apologizes to this Honorable Court for the delay in docketing the list.

2. It is true that counsel twice requested extensions of time to complete briefing on Plaintiffs' Opposition briefs, outside of the Court's 72 hour time for each such request. Counsel labored on the briefs and responses, and requested several additional days (which this Honorable

Court graciously granted), to complete 2 separate briefs on behalf of a total of 14 Plaintiffs. Counsel acknowledges the Court's Standing Order and will ensure that any future extension requests are made within 72 hours of a deadline. Counsel apologizes to this Honorable Court for this error.

3. It is true that counsel filed a brief that was over the page limit by 9 pages. It is further true that counsel did not request leave from the Court for additional pages, despite having made the foregoing requests for extension. Counsel acknowledges the Court's Standing Order and will ensure that any future briefs are within the page limits or that timely requests for additional pages are made. The brief at issue was filed on behalf of 7 of the related Plaintiffs, and was not a brief for a single case. Nonetheless, counsel should not have assumed that 9 additional pages would be acceptable to the Court without request for permission for additional pages and apologizes to this Honorable Court for this error. In addition, counsel apologizes to the Court for filing the combined briefs on only the 2 representative dockets for the 2 groups of Plaintiffs covered by the briefs, instead of filing copies on each of the 14 dockets at issue. Counsel remedied this docketing error by filing copies of the briefs on all of the remaining dockets on May 18, 2016. Counsel understands that going forward, the Court requires copies of documents submitted on behalf of multiple Plaintiffs to be filed on each individual docket.

4. It is true that the brief in opposition to the defendants' Motion to Dismiss or Transfer Venue in the *Haney* action was, in fact, 16 pages long, 1 page longer than the Court's required length of 15 pages. Counsel was incorrect at the May 2016 CMC when counsel stated the brief was only 15 pages. Counsel has now ascertained that the page numbering restarted after page 2. Counsel, in fact, was cognizant of the page limitation in this brief and believed, in error, that it was proper due to the page numbering, which restarted after the caption. It is further true that although the brief was timely filed, the supporting exhibits to the brief were e-filed several

1 hours after the briefing deadline, as, again due to the constraints under which Counsel labored, the exhibits were not ready in PDF format for uploading at the time the brief was filed. Counsel apologizes for this as well.

5. It is true that the briefs did not conform to the Civil Local Rules relating to the form of papers presented, including the omission of tables of contents and authorities. Counsel has reviewed the rules in detail and acknowledges the importance of required formatting and tables as a practice in this Court and will ensure that all briefs submitted contain such tables and comply with Civil L. R. 3-4 and 7-4 in all respects. Counsel apologizes to this Honorable Court for this error.

6. It is true that counsel provided draft Case Management Statements (CMS) after the 5 day period in which the Court ordered previous counsel for the Plaintiffs to provide the draft CMS. Counsel will make certain that all future draft CMS statements are provided to opposing counsel no later than 5 days prior to the due date.

7. It is true that counsel, as of the time of this Honorable Court's Order to Show Cause, had omitted to file motions for leave to appear *pro hac* vice in the *Briscoe* and *Manswell* actions. Counsel timely filed applications for all other Plaintiffs as he was retained, including in the *Washington* and *Palmer* cases, the final 2 cases in which counsel was retained, for a total of 14 cases. Counsel has reviewed the *pro hac vice* applications and has confirmed that the *Briscoe* and *Manswell* applications were not filed. Counsel has now filed and paid for the *Briscoe* and *Manswell* applications, which completes all applications for all 16 Plaintiffs with active cases who have retained counsel. This was an administrative error for which counsel apologizes. There was never any intention not to file a *pro hac vice* application for each of the 16 Plaintiffs.

Case No. 12-cv-02730-VC and related cases    RESP. OF BRIAN R. MILDENBERG TO OSC

4

With respect to this Honorable Court's observation that Mr. Corcoran entered his appearance in only 4 cases despite the appearance of his name on all of the Plaintiffs' opposition briefs, this was a ministerial omission by counsel to specifically enumerate only the Plaintiffs for whom Mr. Corcoran had entered an appearance under Mr. Corcoran's signature block on the briefs. The briefs should have contained this limiting information. Moreover, as the author of the briefs, this omission was counsel's error and responsibility. In order to avoid any future confusion or mistakes in this regard, applications have been submitted on behalf of Mr. Corcoran for all of the remaining Plaintiffs as of the date of this filing.

## **ADDITIONAL FACTORS**

Counsel admits the foregoing lack of compliance with respect to the all of the issues so identified by this Honorable Court. In determining whether to issue a sanction, undersigned counsel respectfully submits:

- When counsel took over the 16 cases pending before this Honorable Court, the pleadings were not settled, discovery and meet and confer letters were overdue, depositions were immediately pending, and several of the cases were on the brink of dismissal. Counsel has labored night and day to turn the cases around, amend and settle the pleadings, respond to Motions, get up to speed on the facts and documents in the case file, provide discovery responses, communicate with opposing counsel, attend hearings and depositions, and conduct an independent factual investigation. Counsel was required to get up to speed in a compressed period of time and much of the work, by necessity, was completed on an as needed basis, as there were immediately pending deadlines upon counsel's retention and appearance in these cases.

- Unfortunately, as explained, during several critical time periods in the case, co-counsel, Mr. Corcoran, experienced family and health problems that required both the hospitalization of himself and his wife, placing additional, unplanned burdens on counsel's time and

responsibilities. Counsel, again, is not complaining but is advising the Court of the circumstances under which counsel has labored. Thankfully, Mr. Corcoran's medical issues have resolved at this time and he has been able to re-join the case in a full capacity, and will in fact share in all deadlines, filings, and litigation activities going forward. This assistance will significantly reduce the strain on the responsibilities of counsel, and will provide the appropriate conditions for completion of these matters.

- Counsel can only humbly apologize, admit the errors, and ask for the Court's forgiveness. Counsel's intention, and promise to the Court, is to meet or exceed all requirements of the Court (including the form and presentation requirements of briefs, tables of contents, and captions) and to ensure that the Court has no further problems with counsel's efforts.

- With respect to whether the Court should sanction counsel under either 28 U.S.C. § 1927 or the Court's inherent powers, Counsel respectfully submits that sanctions under either circumstance are appropriate in instances of bad faith. *See, e.g., Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir. 2001) (specific finding of bad faith to support sanctions under the Court's inherent authority). In addition, in the *Fink* case, the Ninth Circuit confirmed, with respect to a "chronically late attorney" that "mere tardiness does not demonstrate the improper purpose or intent required for inherent power sanctions." 239 F.3d at 992 (citing *United States v. Stoneberger,* 805 F.2d 1391 (9th Cir. 1986)). The Court further noted that sanctions were not appropriate with regard to a failure by plaintiff's counsel to request admission to the district bar when "their failure to request admission to the district bar was anything more than an oversight or ordinary negligence on their part." *Id.* at 993 (citing *Zambrano v. City of Tustin,* 885 F.2d 1473 (9th Cir. 1989)).

- Moreover, counsel submits that the issues raised in the Court's Order to Show Cause, respectfully, do not rise to the level of 28 U.S.C. § 1927, which provides sanctions for

"unreasonable and vexatious" conduct. *Id.* Further, "[s]anctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir. 1989).

- Counsel respectfully submits that the issues raised by the Court were not the result of bad faith or improper motive of Counsel. Therefore, under the circumstances presented, counsel humbly requests this Honorable Court to forbear from ordering sanctions against counsel, who has received the Court's message concerning the procedural and administrative issues loud and clear. In summary, counsel again apologizes to the Court for the procedural failures during the transition of these related cases. Counsel emphasizes the unqualified admission of those errors. Counsel respectfully requests this Honorable Court to consider the particular burdens explained herein as factors mitigating factors against the imposition of sanctions.

Respectfully submitted,

*/s/ Brian R. Mildenberg*
BRIAN R. MILDENBERG, ESQUIRE (PA BAR ID. 84861) *(pro hac vice)*
brian@mildenberglaw.com
MILDENBERG LAW FIRM, PC
1735 Market Street, Suite 3750
Philadelphia, PA 19103
Tel: (215) 545-4870
Fax: (215) 545-4871
Counsel for Plaintiffs
ELDRIDGE JOHNSON, LEON MILLER, XAVIER PALMER, PAUL C. NOBLE, JOHNNIE E. JONES, JR., GLEN ROANE, DAVID RICKETTS, SAL CROCKER, ANTHONY MANSWELL, ERWIN WASHINGTON, DARRYL WILSON, LEO SHERMAN, KEN HANEY, RICHARD JOHN, ODIE BRISCOE, and TERRENCE HARTSFIELD

# CERTIFICATE OF SERVICE

I, Brian R. Mildenberg, Esquire hereby certify that on the 27th day of May, 2016, I served counsel of record for all Defendants with the foregoing Response by filing the foregoing Response on the Court's ECF system.

*/s/ Brian R. Mildenberg*
BRIAN R. MILDENBERG, ESQUIRE (PA BAR ID. 84861) *(pro hac vice)*
brian@mildenberglaw.com
MILDENBERG LAW FIRM, PC
1735 Market Street, Suite 3750
Philadelphia, PA 19103
Tel: (215) 545-4870
Fax: (215) 545-4871
Counsel for Plaintiffs
ELDRIDGE JOHNSON, LEON MILLER, XAVIER PALMER, PAUL C. NOBLE, JOHNNIE E. JONES, JR., GLEN ROANE, DAVID RICKETTS, SAL CROCKER, ANTHONY MANSWELL, ERWIN WASHINGTON, DARRYL WILSON, LEO SHERMAN, KEN HANEY, RICHARD JOHN, ODIE BRISCOE, and TERRENCE HARTSFIELD