Mildenberg Law Firm, p.c.
attorneys at law
1735 Market Street
suite 3750
Philadelphia, PA 19103
tel (215) 545-4870
fax (215) 545-4871
www.MildenbergLaw.com

October 6, 2016

Hon. Vince Chhabria
United States District Court for the Northern District of California
**VIA ECF FILING**

> Re:  Johnson v. United Airlines, Inc. et al., 3:12-CV-02730-VC and related cases[1]
> <u>*Defendants' Failures to Disclose Material Facts and Witnesses*</u>

Dear Judge Chhabria:

This Discovery Letter is submitted to request this Honorable Court to compel Defendants to identify the decision makers and persons with first hand knowledge in the each of the Plaintiff's cases in supplementation of Defendants' Initial Disclosures.  Plaintiffs provided a draft of this letter to Defendants on October 3, 2016.

During a recent meet and confer, it was discovered, through conversation about the kinds of issues that would be asked of deponents by Plaintiffs, that Defendants had not actually listed or identified the material persons with first hand knowledge of the Plaintiffs' job applications and claims.  Rather, although Defendants listed specific individuals as having knowledge, in many cases these were not the persons with first hand knowledge of the decisions to deny Plaintiffs' applications. United at that point was forced to admit to counsel that many witnesses were missing and not disclosed.  Plaintiffs then requested that Defendants supplement their disclosures.  Defendants agreed to do so on or before October 5.  That date passed with no supplementation.

As counsel was preparing to file this letter, on October 6, Defendants emailed Supplemental Disclosures (which are still incomplete) in the Bellwether cases only.  Rather than curing the problem, these Supplemental Disclosures highlight the problem and lead to more questions than they answer.   For instance, in the *Jones* disclosures, which are representative of the problem, in their original disclosures, Defendants listed the following 7 witnesses:  Walter Clark, James Simons, Alberto Diaz, John Buyer, Phil Emden, Chad Melby, Gregory Jones.  In their original disclosures, Defendants represented that Walter Clark and James Simons had knowledge of "special assignments" and "positions" within the "Flight Offices and Flight Operations Division" and "Plaintiffs' qualifications" for positions. Chad Melby was identified as having knowledge of "screening and selection procedures and special assignments."  In their supplemental disclosures, just received, Defendants now suddenly disclose, in addition to the

---

[1] Crocker v. United Airlines, Inc. et al. 3:15-cv-00468 VC (Bellwether), Hartsfield v. United Airlines, Inc. et al. 3:15-cv-00477 VC (Bellwether), John v. United Airlines, Inc. et al. 3:15-cv-00475 VC, Jones v. United Airlines, Inc. et al. 3:15-cv-00462 VC (Bellwether), Miller v. United Airlines, Inc. et al. 3:15-cv-00457 VC, Palmer, Xavier v. United Airlines, Inc. et al. 3:15-cv-00458 VC, Sherman v. United Airlines, Inc. et al. 3:15-cv-00473 VC, Washington v. United Airlines, Inc. et al. 3:15-cv-00471 VC (Bellwether), Wilson v. United Airlines, Inc. et al. 3:15-cv-00472 VC.

foregoing 7, the following <u>8 actual decision makers/first hand witnesses</u>: Lawrence Ellis (regarding Flight Operations Division and Special Assignments and Plaintiff's qualifications for same), Andrew Allen (alleged member of the Vault who defendants now disclose has first hand knowledge of the "hiring decision with respect to Assistant Chief Pilot positions" applied for), Michael McCasky (alleged Vault member who is now identified as having first hand knowledge of "hiring decisions with respect to Assistant Chief Pilot and Senior Manager" applications of Plaintiff), Rulon (Jim) Starley (knowledge of hiring decisions with respect to Plaintiff's application for Director-Flight Operations Manager positions), Bryan Quigley (hiring decision with respect to Flight Operations Duty Manager positions applied for), David Tornabene (hiring decision with respect to Standards Captain and Evaluator positions), Robin Murdoch (knowledge of screening and selection, and hiring decisions in non-Flight Operations divisions), and Fred Abbott (structure and organization of the Flight Operations Division during and after merger).

Each of these witnesses has been known to Defendants since, at the latest, the filing of the Seventh Amended Complaints in these actions, where the posted and applied-for positions were identified. Defendants had months to investigate (and years if counted from the initiation of this case) prior to the Court requiring their answers to the 7AC and initial disclosures regarding same, and well knew which persons were involved in the selection process. Defendants apparently made a conscious decision to issue Initial Disclosures that did not actually disclose the material witnesses for the positions applied for, or that otherwise omitted material information about the claims. In the *Jones* case, alone, United has just now "come clean" and identified 8 decision makers or first hand knowledge witnesses. Assuming similar numbers will be added in the other 9 cases pending in this court, that is up to <u>80 new persons</u>, who were known all along to United as having decision maker testimony. These are the persons with the first hand knowledge of the decisions on Plaintiffs' job applications, and obviously the most material witnesses, which is why they were omitted.

In Defendants' most recent Case Management Statement ("CMS"), filed with the Court on October 7, knowing that this Discovery Letter was coming that would elucidate the details about the serious problem of Defendants' omission or concealment of information, Defendants have attacked Plaintiffs and Plaintiffs' counsel, trying to misdirect the Court's attention from their own failures to disclose (in many cases by simply presenting incorrect or inaccurate information to the Court, without providing any documentation for the Court to verify), by piling on allegation after allegation of prejudice and fault of Plaintiffs.[2]

---

[2] These allegations are untrue. Plaintiffs have each responded to 6 Sets of Defendants' requests for production and have each produced in excess of 20,000 pages of documents (aside from the emails), and those called have sat for depositions. Despite this, Defendants try to convince the Court that Plaintiffs have not cooperated, harping on email production difficulties already known to the Court, involving 300 page privilege logs relating to a total of 23,000 emails, most of which are copied to more than 10 persons who all have to be identified. Aside from Plaintiff Washington, and Plaintiff Palmer (whose case is being dismissed by agreement), all Plaintiffs have provided their documents and emails to counsel. All documents and all discovery responses have been provided and answered. The privilege logs and emails are in the process of final review, with Johnson and Hartsfield <u>complete</u>, Washington close to complete (since the last communication with the court, additional difficulties arose with Washington's emails in that there turned out to be many emails containing sensitive medical records relating to his rehabilitation, that had to be found and marked separately, by hand), and Jones and Crocker on deck thereafter. Plaintiffs are on track to finish production of all emails and logs in the Bellwether cases on the date of this letter, and in the non-Bellwether cases, on or before the CMC on October 11 (as ordered by the Court). There is no other outstanding written discovery.

As related to the instant letter concerning omissions of Defendants' material witnesses and facts in the Initial Disclosures, in their CMS, Defendants try to blame their omissions of material facts and witnesses on Plaintiffs, or point to allegations of delay as reason for their failures to properly disclose material facts and witnesses. Defendants argue that they could not have known who these additional witnesses were, or that Plaintiffs' delays in earlier stages of the case were the cause. Those arguments are obvious red herrings. These are the actual persons with first hand knowledge of concerning jobs applied for by, for instance, Plaintiff Jones, which jobs are listed in his 7AC (and were listed in prior complaints). Defendants simply <u>decided not to identify the most relevant persons or facts</u>, and instead, submitted incomplete and misleading disclosures, seemingly to deflect Plaintiffs from ever learning who it was who actually could testify about denial of their jobs applications.[3] The Court should not simply accept Defendants' allegations as true.[4] Plaintiffs' counsel has worked as hard as humanly possible to complete all discovery.

Finally, Defendants have not provided addresses for the witnesses the Defendants claim must be served with subpoenas to testify, in any case, and have refused to accept or waive service of subpoenas, so far, for current employees being deposed that will be represented by United's counsel. In summary, Plaintiffs respectfully request the following relief, aside from any sanctions or judgment in Plaintiffs' favor the Court might impose if the Court finds the facts or witnesses were willfully omitted:

- Defendants shall supplement their disclosures to list persons with knowledge of hiring decisions for each position listed in Plaintiffs' 7ACs, and shall provide the addresses of each witness that Defendants are not accepting service for, so that Plaintiffs can subpoena them. Defendants shall also identify the job title of each witness.

- Plaintiffs may conduct depositions of the newly identified witnesses, through the month of December, in the Bellwether cases. Defendants must cooperate with Plaintiffs in the scheduling of these depositions by providing available dates for their employee witnesses. Defendants must accept service of Subpoenas or Deposition Notices for all managers and former managers who are still employed by Defendants.

                                      Respectfully submitted,

                                      MILDENBERG LAW FIRM, P.C.
                                      */s/ Brian R. Mildenberg*
                BY:    Brian R. Mildenberg, Esquire
                         Counsel for Plaintiffs
                         Law Offices of J. Conor Corcoran
                         Co-Counsel for Plaintiffs

---

[3] Another argument made by Defendants in their CMS is that Plaintiffs know or should know who these missing persons are. Only Defendants knew and could identify who could testify about and had knowledge of the behind the scenes decisions on the job applications.

[4] For instance, the claims in the CMS that the email discovery produced in *Johnson* is not industry standard are simply false. This production contains all meta-data and was created using discovery software provided by a professional ESI litigation vendor with a national practice, serving clients including the Paul Hastings firm (which firm has a testimonial on the Vendor's website). In addition, at no time has Plaintiffs' counsel refused to schedule depositions or confer. The deposition scheduling dispute is the subject of a separate discovery letter.