UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDRIDGE JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>    Defendants.<br><br>AND COORDINATED CASES:<br><br>Miller, Leon v. United Airlines, Inc. et al.<br>3:15-cv-00457 VC<br><br>Palmer, Xavier v. United Airlines, Inc. et al.<br>3:15-cv-00458 VC<br><br>Jones Jr., Johnnie E. v. United Airlines, Inc. et al. 3:15-cv-00462 VC<br><br>Crocker, Sal v. United Airlines, Inc. et al.<br>3:15-cv-00468 VC<br><br>Wilson, Darryl v. United Airlines, Inc. et al.<br>3:15-cv-00472 VC<br><br>Sherman, Leo v. United Airlines, Inc. et al.<br>3:15-cv-00473 VC<br><br>John, Richard v. United Airlines, Inc. et al.<br>3:15-cv-00475 VC<br><br>Hartsfield, Terence v. United Airlines, Inc. et al. 3:15-cv-00477 | Case No.12-cv-02730-VC   (JSC)<br><br>**ORDER RE: DISCOVERY PLAN FOR BELLWETHER PLAINTIFFS** |

  The Court held a telephonic discovery conference on October 19, 2016 to establish a discovery plan going forward for the five bellwether Plaintiffs: Johnson, Jones, Crocker,

Hartsfield, Jones and Washington.[1]  The following confirms the discovery plan set forth by the Court.

## Defendant's Discovery Requests

**Plaintiffs' ESI collection**

Defendant has concerns regarding the adequacy of Plaintiffs' search for emails responsive to Defendant's document requests.  By noon October 21, Defendant shall provide Plaintiffs with an illustrative list of emails, by bates stamp number, that it believes indicate that Plaintiff Johnson (and the other Plaintiffs) failed to conduct an adequate search for responsive emails.  Defendant shall provide at least one illustrative email for each Plaintiff along with a detailed explanation as to why Defendants believe that email(s) suggests other emails are missing.  Plaintiffs' counsel shall thereafter meet with each of the bellwether Plaintiffs to determine whether all responsive emails were produced.  On October 25, Plaintiff shall file a declaration regarding Plaintiff Johnson's emails addressing the concerns raised by Defendant, including an alleged lack of any "sent" emails, as well as an explanation of what steps were taken to produce responsive emails..  Plaintiff shall do the same by October 26 for the next bellwether Plaintiff, by October 27 for the next, and by October 28 for the final two bellwether Plaintiffs.  On or before noon on November 2, 2016, Plaintiffs shall file with the Court all of the parties' written correspondence concerning this issue, beginning with Defendant's forthcoming October 21, 2016 submission.

**Plaintiffs' ESI production**

Defendant also raised concerns regarding the format of the ESI production.  Although Plaintiffs contend that the ESI production contains all relevant metadata and is fully searchable, Defendant disagrees.  Defendant shall therefore file a declaration by October 25 regarding the problems it believes exist with the ESI production and why these issues are material.  In particular, Defendants shall explain why the produced emails are not searchable given the representation that

---

[1] Although Judge Chhabria's referral order indicated that he retained discovery related to Plaintiff Washington, to the extent that the parties have ongoing discovery disputes regarding Washington's email production which are common to the issues of the other four bellwether Plaintiffs, such disputes are subject to the requirements of this Order as discussed at the hearing. (Dkt. No. 377.)

they were produced as OCR PDFs. Given the stage of these proceedings, it is not enough to say that the production is not the same as what defense counsel is accustomed to seeing; rather, Defendant must identify specific issues that render the ESI production unusable or that are otherwise material.  To the extent that there are any particular emails that Defendant has concerns about, Defendant shall identify these in the declaration.  The Court will review the declaration and issue an order if it requires further briefing or a response from Plaintiffs.

Defendant also raised concerns that portions of emails are missing from particular email strings, i.e., rather than an image there are several blank pages within the email string.  Defendant shall send Plaintiffs a list of those emails with missing components, by bates stamp number, by October 21.  Plaintiffs will respond with the bates stamp number of the email (likely from another Plaintiff) that contains the missing components by October 25 and if there is not such an email, an explanation of the blank page.

Plaintiffs' counsel indicated that his ESI production included placeholders for email attachments, i.e., MP3 files or the like, which were not produced because they cannot be produced in PDF or hardcopy format.  Plaintiffs shall provide Defendant with the original email attachments that correspond to these placeholders by October 28.

**Privilege log**

Defendant has ongoing concerns regarding the adequacy of Plaintiffs' privilege log both in terms of its contents and its over-inclusiveness.  Plaintiffs have provided Defendant with a key to the privilege log as ordered by Judge Chhabria.  In response to questioning about how things were designated as privileged, Plaintiffs' counsel indicated that there were two categories of documents withheld on the basis of privilege. Category 1: emails where at attorney appears on the thread. Category 2: emails where an attorney is not on the thread, but where the contents of a communication from an attorney were copied into the email.  Defendant indicated that these categories are not clearly specified amongst the different logs.  Plaintiffs stated that they were spelled out on Plaintiff Johnson's log, but denoted with a 1 or 2 on the remaining Plaintiffs' logs.  Plaintiffs shall provide Defendant with a written explanation of this categorization system by October 21.

Defendant shall provide Plaintiffs with a statement identifying 10 privilege log entries that it wants Plaintiff to supplement on before October 25, 2016. Plaintiffs shall serve a response providing detailed information as to each of the identified entries, and explaining in as much detail as possible why the documents associated with each of the 10 log entries are in fact privileged on or before October 31, 2016. Plaintiffs must respond on an entry-by-entry basis and may not group any of the 10 identified emails together. On or before noon on November 2, 2016, Defendants shall file with the Court all of the parties' written correspondence concerning this issue, beginning with Defendant's forthcoming October 25, 2016 submission. At the further telephonic discovery hearing on November 3, 2016 at 2:00 p.m. the Court will discuss the matter further and, in particular, will discuss how to proceed with adjudication of the privilege issue in an expeditious manner.

**Depositions**

By noon October 21, Plaintiffs shall provide Defendant with dates on which the five bellwether Plaintiffs are available for deposition between November 14 and November 30. By October 25, Defendant will confirm the dates on which it will take their depositions.

### **Plaintiffs' Discovery Requests**

**Document Requests**

Plaintiffs served written discovery on Defendant with a responsive deadline at the end of this month; however, Defendant seeks an extension of time to respond to this discovery. Defendant shall have until November 30 to produce discovery in response to these requests. As explained at the hearing, if the documents raise issues upon which depositions may be necessary, the Court will not prohibit those depositions solely on the basis of the December 1 discovery deadline.

The Court, however, wants to adjudicate what Defendant will be producing before November 30, 2016; in other words, when Defendant produces the documents on or before November 30, 2016 there should be no surprise as to what is produced or withheld. Accordingly, the parties are directed to meet and confer by telephone or in person on or before October 28, 2016 regarding any objections Defendant may have to producing responsive documents. Defendants

shall identify to Plaintiffs during this meet and confer any responsive documents that it does not intend to produce and the reasons for doing so.  As was agreed at the October 18, 2016 hearing, Plaintiffs have limited their requests for discrimination complaints and related documents to complaints by pilots regarding racial discrimination based on the pilot being black. Plaintiffs shall provide the Court with a copy of the original discovery requests and a list of those discovery requests still at issue after the parties' meet and confer efforts, as well as any correspondence between the parties regarding these requests from today forward by noon November 2.  The parties shall be prepared to discuss this matter during the November 3 discovery hearing. In particular, if Defendant is claiming burden or a lack of proportionality it shall be prepared to explain that burden in detail.  It shall not suffice to say a request seeks documents that are privileged when it is obvious that there may be responsive documents that are not privileged. Similarly, it is not sufficient to say a request is burdensome without any knowledge of how many responsive documents there are.

**Plaintiffs' Deposition Requests**

Plaintiffs have five outstanding Apex deposition requests which Defendant objects to, but the parties have nsot formally met and conferred.  Plaintiffs shall provide their portion of the joint letter brief to Defendant by November 4, Defendant shall respond by November 11, and Plaintiffs may add a short reply and file the joint letter brief by close of business November 14.  The letter brief is limited to 11 pages total.  Each party gets one page for each witness and Plaintiffs shall have one page for reply (but Plaintiffs shall not otherwise modify the letter brief from the version first sent to Defendants on November 4). The Court will advise the parties if a hearing is required.

/
/
/
/
/
/
/
/
/
/
/
/
/

# CONCLUSION

The Court expects the parties to work in good faith the meet the deadlines outlined in this Order. Counsel are advised that the November 3 discovery hearing shall begin promptly at 2:00 p.m. as the Court has another matter scheduled for 3:00 p.m.

**IT IS SO ORDERED.**

Dated:  October 21, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge