UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eldridge Johnson<br><br>v.<br><br>United Airlines, Inc. et al. | Civ. No. 12-cv-2730-VC<br><br>**DECLARATION OF BRIAN R. MILDENBERG, ESQUIRE CONCERNING EMAIL PRODUCTION OF PLAINTIFF ELDRIDGE JOHNSON PURSUANT TO ORDER OF 10/21/16** |

I, BRIAN R. MILDENBERG, ESQUIRE, declare as follows:

1. I am Counsel for Plaintiff Eldridge Johnson ("Plaintiff") in his pending lawsuit suit captioned *Johnson v. United Airlines, Inc., et al.,* 12-cv-2730-VC.

2. I make this declaration pursuant to the Order of Magistrate Judge Jacqueline Scott Corley entered on October 21, 2016 (the "Order").

3. I have conferred with Plaintiff as required by the Order. I conferred with Plaintiff on October 19, after the conference call with the Judge Corley that led to the Order, as well as on October 25, 2016.

4. Plaintiff has confirmed to me that in order to produce responsive emails in this case, he reviewed all of his emails from his email account at *e_jjr@yahoo.com,* starting from the first time he raised concerns or complaints of discrimination and became involved with the United Coalition for Diversity (the "Coalition"). Plaintiff confirmed that he searched for every email that is about his case, the discrimination claims, including discriminatory job or special assignment practices, as well as all emails relating to the case sent to or from any member of the coalition or former co-Plaintiff, his lawyers, or anyone else, about the claims in the case, the case itself, any witnesses in the case, the facts of the case, any issue concerning discrimination or

diversity at United Airlines, retaliation, or anything else in any way related to his claims, including all chain or forwarded emails from his former co-plaintiffs and lawyers involved.

5. Plaintiff has confirmed that as he searched for these emails, he separated responsive emails into folders in his Yahoo account. Because Yahoo does not provide a bulk email download method, Plaintiff then created a gmail account, and linked up his yahoo email to the gmail account, from which archives of the folders containing the responsive messages were downloaded.

6. On October 19, after the conference call with the Court, I advised Plaintiff that United was claiming he did not provide his "sent" emails. At that time, Plaintiff Johnson advised me that he did not believe he had any "sent" emails that were responsive. I so advised counsel for Defendants of Plaintiff's position. Thereafter, in correspondence, Counsel for United pointed out to me specific instances from the emails of other Plaintiffs in the related cases where Plaintiff Johnson had sent or replied to emails to them regarding the case. On October 25, 2016, I discussed this further with Plaintiff Johnson and he advised it was possible he did not include "sent" items in his search. I then reviewed the contents of Plaintiff's "sent" email folder with him in his Yahoo account. We identified 120 responsive "sent" emails from 2009 to the present. Theses were placed into a new folder in Plaintiff's yahoo account called "sent_case_email." That folder will propagate to the gmail account, will be downloaded, and then the non-privileged sent emails produced.

7. I have also reviewed the emails produced at JOHNSON-EMAIL1350-1367, which were noted by Defendants as an example of an email thread where not all emails on the thread were provided individually in addition to having been provided within the thread. Upon review of this thread, I see no missing data and the entire thread appears on the Bates-marked pages indicated. Defendants appear to be complaining that copies of the same emails that already

appear within the thread were not provided in duplicate.  Such duplicate emails would simply be copies of the emails that are already in the threat.  Defendants have not identified which duplicate emails they seek, or why such would be required.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 26, 2016.

BY:

*/s/ Brian R. Mildenberg*
BRIAN R. MILDENBERG, ESQUIRE