UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDRIDGE JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>  Defendants.<br><br>AND COORDINATED CASES:<br><br>Miller, Leon v. United Airlines, Inc. et al. 3:15-cv-00457 VC<br><br>Palmer, Xavier v. United Airlines, Inc. et al. 3:15-cv-00458 VC<br><br>Jones Jr., Johnnie E. v. United Airlines, Inc. et al. 3:15-cv-00462 VC<br><br>Crocker, Sal v. United Airlines, Inc. et al. 3:15-cv-00468 VC<br><br>Wilson, Darryl v. United Airlines, Inc. et al. 3:15-cv-00472 VC<br><br>Sherman, Leo v. United Airlines, Inc. et al. 3:15-cv-00473 VC<br><br>John, Richard v. United Airlines, Inc. et al. 3:15-cv-00475 VC<br><br>Hartsfield, Terence v. United Airlines, Inc. et al. 3:15-cv-00477 | Case No.12-cv-02730-VC   (JSC)<br><br>**ORDER FOLLOWING NOVEMBER 18, 2016 DISCOVERY CONFERENCE** |

The Court held a further discovery conference on November 18, 2016. The following confirms the matters discussed and ordered at the hearing.

**A.     Plaintiffs' ESI production**

The parties informed the Court that they had worked out the primary/secondary email account issue. One issue remains regarding Plaintiff Darryl Wilson's emails, but the parties are attempting to resolve that issue without Court intervention.

**B.     Defendant's Responses to Plaintiffs' Document Requests**

The parties narrowed their disputes regarding Defendant's production of documents to the following categories:

**1. Scope/timeframe objection**: Plaintiffs seek documents from 2008 to the present. Defendant objects to producing documents from before 2011 for the "settlement Plaintiffs"—those Plaintiffs who settled their claims with Defendant in 2011. Defendant has not asserted a burden objection to producing these documents and instead raises merits-based objections. Information from 2008 forward for all Plaintiffs is relevant and proportional to the needs of the case and must be produced.

**2. Complaints of race discrimination from black pilots from 2008 forward**: Defendant objects on burden, but cannot quantify the burden. This evidence is relevant and, given the absence of any showing as to burden, proportional to the needs of the case. Complaints include lawsuits and legal filings with any administrative agencies.

**3. Documents relating to the VAULT**: Defendant has asserted attorney-client privilege over documents relating to investigation of the VAULT. The first step in resolving this dispute is production of a privilege log. Defendant shall produce the log at the time of production, that is, by November 30, 2016.

**4. Applications for employment or special assignment by Plaintiffs**: Defendant will produce each Plaintiff's personnel file, but contends that it would be unduly burdensome to provide information regarding each position every Plaintiff applied for without regard to whether the application was identified in the complaint. Having heard the parties' arguments, the Court orders that for the pre-2008 period, Defendant shall provide a report from the Taleo application

2

software of all the positions each Plaintiff applied for regardless of whether Plaintiffs specifically identified the application in the complaint. For 2008 forward, Defendant has agreed to produce the applications and related materials for those positions Plaintiffs identify in the complaint that they applied for, but the parties are unable to agree regarding production of application data for positions not identified in the complaint. For the post-2008 applications not alleged in the complaint, Defendant shall provide the requested documents identifying which positions were applied for and what happened with each application. The parties shall meet and confer regarding any dispute over additional documents and provide a joint letter brief to the Court if necessary by December 16, 2016.

**5. Successful applicant information**: Plaintiffs seek the personnel file, applications, and interview documents for applicants who were awarded positions sought by the Plaintiffs during the relevant time period. Defendant has raised objections to producing the personnel files. Subject to the protective order, Defendant shall produce documents from the successful applicant's personnel file that relate to the successful applicant's qualifications including any disciplinary information or complaints regarding employee performance or conduct.

**6. Special assignments**: Plaintiffs seek documents regarding all special assignments in the domiciles the Plaintiffs worked from 2008 forward. Defendant objects on relevance, feasibility, and burden grounds. This evidence is relevant. The parties shall meet and confer regarding this request on or before November 21, 2016 in light of Plaintiffs' counsel's statement that he has suggestions for how this information might be obtained through the scheduling software.

**7. Job qualifications and duties**: Defendant will provide the description of duties and qualifications for all positions Plaintiffs applied for as identified in the complaint.

**8. Salary and benefits for successful applicants**: The parties agree as to the documents to be produced regarding the salary and benefits of successful applicants.

**9. Email search terms**: Defendant has generated a list of search terms. The parties will meet and confer regarding these search terms on or before November 21, 2016.

**10. Document Request Nos. 47 & 51**: The parties will meet and confer to narrow these requests on or before November 21, 2016.

\*\*\*

As previously ordered, the Court will have a further telephonic discovery conference with the parties on November 28, 2016 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: November 22, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge